## UNITED STATES

v.

**Jason E. MADIGAN, Corporal (E–4), U.S. Marine Corps.**

**NMCM 99 00636.**

U.S. Navy–Marine Corps Court of Criminal Appeals.

Sentence Adjudged 9 Sept. 1998.

Decided 29 Sept. 2000.

---

LCDR L. Higdon MacPhee, JAGC, USNR, Appellate Defense Counsel.

LCDR Linda J. Lofton, JAGC, USN, Appellate Defense Counsel.

LT Janice K. O'Grady, JAGC, USNR, Appellate Government Counsel.

LCDR JoAnn W. Melesky, JAGC, USNR, Appellate Government Counsel.

Before LEO, Senior Judge, ANDERSON and NAUGLE, Appellate Military Judges.

NAUGLE, Judge:

In accordance with his unconditional pleas, the appellant was convicted by a military judge sitting as a general court-martial of

disrespect to a noncommissioned officer, wrongfully exhibiting child pornography on divers occasions, wrongfully receiving child pornography on divers occasions, and wrongfully possessing child pornography on divers occasions in violation of Articles 91 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 891 and 934. The sentence adjudged included a dishonorable discharge, confinement for 25 months, forfeiture of all pay and allowances, and reduction to paygrade E–1. The convening authority approved the sentence as adjudged, but suspended all confinement in excess of ten months for 12 months from the date of trial in accordance with the terms of the pretrial agreement.

We have carefully reviewed the record of trial, the appellant's four assignments of error, and the Government's response. We conclude that, except as noted herein, the findings and sentence are correct in law and fact and that no error materially prejudicial to the substantial rights of the appellant remains. Arts. 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a) and 866(c).

The charges in this case arose out of the appellant's use of his roommate's computer to download several pornographic photographs that depicted children engaged in "sexually explicit conduct." [1] Three of the appellant's assignments of error warrant discussion.[2]

### Incomplete Record of Trial

The appellant asserts that his record of trial is incomplete because the record contains no Article 32, UCMJ, investigation and no Article 34, UCMJ, 10 U.S.C. § 834, letter from the staff judge advocate. That portion of the assigned error relating to the Article 32 investigation lacks merit because the appellant affirmatively waived his right to such an investigation as part of the inducement for the convening authority to enter into a pre-

trial agreement. Record at 48; Appellate Exhibit I, ¶ 21.

■ Concerning the absence of the Article 34, UCMJ, advice letter, no objection or motion relating to the absence of this document was raised at trial or during the post-trial review process, nor does the appellant allege that the staff judge advocate's advice was not prepared as part of the process of referral of the charges. "If no such advice was ever prepared ... the referral of this case to a general court-martial was erroneous. However, the error is not a jurisdictional flaw, is not *per se* prejudicial error, and mandates reversal only if appellant suffered *actual prejudice.*" *United States v. Blaine*, 50 M.J. 854, 856 (N.M.Ct.Crim.App.1999); *see also United States v. Murray*, 25 M.J. 445 (C.M.A.1988). Appellant has alleged no specific prejudice related to this issue, and we conclude there is none following our careful review of the entire record.[3] Art. 59(a), UCMJ. Although it was error not to attach the document to the record, we conclude that the error was harmless beyond a reasonable doubt.

### Lesser Included Offense

Although there were no motions at trial, the appellant now argues that the military judge erred by failing to dismiss the specification of possessing child pornography because it is a lesser included offense of the receipt of the same pornography. We disagree.

■ The appellant entered unconditional guilty pleas to receipt of child pornography (Charge III, Specification 3) and to possession of the same pornography (Charge III, Specification 5). Guilty pleas normally foreclose any subsequent factual disputes as to the offenses. By pleading guilty, an accused

---

1. Specifications 3 and 5 of Charge III alleged violations of 18 U.S.C. § 2252A under clause three of Article 134, UCMJ. "Sexually explicit conduct" is defined in 18 U.S.C. § 2256(2).

2. The appellant's first assignment of error, "THE MILITARY JUDGE ERRED BY FINDING APPELLANT'S GUILTY PLEA TO SPECIFICATIONS ONE, THREE AND FIVE OF CHARGE III PROVIDENT WHERE ONE OF THE PICTURES ALLEGED TO HAVE BEEN CHILD

PORNOGRAPHY DID NOT DEPICT A SEXUALLY EXPLICIT POSE OR CONDUCT," lacks merit and warrants no further discussion.

3. Appellant apparently confuses matters to be attached to a record with those critical to a verbatim record when the punishment meets the criteria of RULE FOR COURTS-MARTIAL 1103(b)(2)(B) and 1103(b)(3).

has essentially conceded that there are no factual issues concerning the separateness of the offenses from one another. *United States v. Lloyd*, 46 M.J. 19, 23 (1997). As a result, our superior Court has held that "appellate consideration of multiplicity claims is effectively waived by unconditional guilty pleas, except where the record shows that the challenged offenses are 'facially duplicative.'" [4] *Id.* at 20 (*quoting United States v. Broce*, 488 U.S. 563, 575, 109 S.Ct. 757, 102 L.Ed.2d 927 (1989)). A determination that charges are facially duplicative is made by reviewing the language of the specifications and the facts in the record pertaining to the charges. *United States v. Heryford*, 52 M.J. 265, 266 (2000)(citing *Lloyd*, 46 M.J. at 24). If the charges are facially duplicative, we do not apply the "guilty-plea waiver doctrine." *Lloyd*, 46 M.J. at 24.

▪ In this case, both offenses were alleged as violations of 18 U.S.C. § 2252A, and both were specified as occurring "on divers occasions, between on or about 19 December 1997 and on or about 23 January 1998." Charge Sheet. There were no motions at trial to dismiss either offense based on the status of one offense as a lesser included offense of the other.

While not clear from the specifications, the record *in toto* indicates the appellant pleaded guilty to receiving child pornography in violation of 18 U.S.C. § 2252A(a)(2)(A) (Charge III, Specification 3) and possessing child pornography in violation of § 2252A(a)(5)(A) (Charge III, Specification 5). Record at 19–21, 28–42; Prosecution Exhibit 1.[5] Further, the record clearly demonstrates that in each instance involving the receipt of these pornographic images, the receipt and the posses-

sion are factually distinct. In the case of each image, whether received as a single image only or as one among many received at the same time, the crime of receiving the pornographic images is complete at the time the appellant downloaded the images to view them. It is clear from the record that the appellant's possession of these images continued long after their receipt, because he had saved the images on the computer and was thus able to display them at will as he chose. We therefore find the receipt of the child pornography to be factually distinct from its possession in the appellant's case. Because they are not factually the same, we apply waiver in this case.

▪ Assuming *arguendo* that the specifications are facially duplicative, the elements of receiving child pornography[6] under this Code section pertinent to the appellant's case are that the appellant knowingly received visual depictions of persons under the age of 18 years engaged in sexually explicit conduct, which depictions had moved in interstate commerce by any means. The specification alleging **receipt** of child pornography includes the allegation that the receipt occurred "in interstate commerce." Charge Sheet.

However, **possession** of child pornography in violation of 18 U.S.C. § 2252A(a)(5)[7] can be committed either by possessing proscribed images "in the special maritime or territorial jurisdiction of the United States, or on any land or building ... under the control of the United States Government"[8] or possessing proscribed images that have been moved "in interstate or foreign commerce."[9] The specification for this offense alleges possession on land and in a building

---

4. The term "facially duplicative" means that the two offenses are "factually the same." *Lloyd*, 46 M.J. at 23.

5. We thus distinguish this case from that of *United States v. Kimbrough*, 69 F.3d 723 (5th Cir. 1995), cited by the appellant, as the multiplicity issue addressed in *Kimbrough* arose from conduct charged under 18 U.S.C. § 2252 and involved two counts of receiving child pornography.

6. "Child pornography" essentially consists of any visual depiction of persons under the age of 18

years engaging in sexually explicit conduct. This term and others are more particularly defined within 18 U.S.C. § 2256.

7. Under the statutory provisions in effect at the times pertinent to this case, possession of three or more images was required to violate the statute.

8. 18 U.S.C. § 2252A(a)(5)(A).

9. 18 U.S.C. § 2252A(a)(5)(B).

controlled by the United States Government, but does not allege movement of the pornographic images in interstate commerce. Therefore, a violation of 18 U.S.C. § 2252A(a)(5)(A), rather than (a)(5)(B), is alleged.

Because each of these charged offenses (receipt and possession of child pornography) requires proof of an element that the other does not, neither of these offenses is included in the other. *Schmuck v. United States*, 489 U.S. 705, 716, 109 S.Ct. 1443, 103 L.Ed.2d 734 (1989). Under the strict "elements test" of *Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed. 306 (1932), adopted for the military by *United States v. Teters*, 37 M.J. 370, 376 (C.M.A.1993), these offenses are not multiplicious. This assignment of error, therefore, lacks merit.

## Sentence Appropriateness

The appellant argues that a sentence that includes a dishonorable discharge is inappropriately severe in this case. We agree.

■ We "may affirm only . . . such part or amount of the sentence, as [we] find[ ] correct in law and fact and determine[ ], on the basis of the entire record, should be approved." Art. 66(c), UCMJ. An appropriate sentence results from "individualized consideration" based upon "the nature and seriousness of the offense and the character of the offender." *United States v. Rojas*, 15 M.J. 902, 919 (N.M.C.M.R.1983)(citing *United States v. Snelling*, 14 M.J. 267 (C.M.A.1982)). "[A]n accused should not receive a more severe sentence than otherwise generally warranted by the offense, the circumstances surrounding the offense, his acceptance or lack of acceptance of responsibility for his offense, and his prior record." *United States v. Aurich*, 31 M.J. 95, 96 n. * (C.M.A.1990).

■ Notwithstanding the offenses of which the appellant was convicted, he served honorably for almost four years prior to his conviction. SJAR. The character of his ser-

vice was excellent to outstanding according to the testimony of enlisted leaders who testified on his behalf at trial; his proficiency and conduct marks were 4.5 and 4.5, respectively. SJAR; record at 54–65; Prosecution Exhibit 2; Defense Exhibit A. In addition to the National Defense Service Medal and his Good Conduct Medal, he had received two Meritorious Masts, one Certificate of Commendation, and eight Letters of Appreciation. SJAR. He pleaded guilty, cooperated with law enforcement agents investigating his offenses, and accepted responsibility for his actions. Without contradiction, he indicated he never sought out or paid for child pornography, but rather had received the eight images attached to the record among the hundreds of legal photographs of adults he had sought out on the Internet.[10]

Under these circumstances, we are not convinced that a sentence that includes a dishonorable discharge and 25 months confinement is an appropriate sentence in this case. We will take corrective action in our decretal paragraph.

Accordingly, the findings and only so much of the sentence as includes a bad-conduct discharge, 18 months confinement, forfeiture of all pay and allowances, and reduction to the lowest enlisted paygrade is affirmed.

Senior Judge LEO and Judge ANDERSON concur.

---

**10.** This does not disturb the providence of the plea to receipt of child pornography as the appellant described the process of receipt during the military judge's inquiry. The appellant indicated that when he requested a photograph, he received an email that indicated the attached photograph was "a picture of girls almost 18." Rec-

ord at 33. He could have deleted the email without downloading (receiving) the pornography, but elected to download it, expecting it to be images of minors engaging in sexual acts. Record at 31–34, 37–39. Receiving even one such image under such circumstances would violate 18 U.S.C. §§ 2252A(a)(2)(A).