Judge BAKER
delivered the opinion of the Court.
A military judge sitting as a general court-martial convicted Appellant, pursuant to his pleas, of one specification of carnal knowledge in violation of Article 120, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 920 (2000); one specification of receiving child pornography in violation of Article 134, UCMJ, 10 U.S.C. § 934 (2000); and one specification of distributing child pornography in violation of 18 U.S.C. § 2252A(a)(2)(A) (2000), as incorporated into the UCMJ under Article 134, clause 3, UCMJ. The adjudged and approved sentence included a dishonorable discharge, confinement for seven years, and reduction to E-l. The convening au *142 thority suspended confinement in excess of forty-eight months for a period of six years from the date of the convening authority’s action in accordance with the pretrial agreement. The United States Navy-Marine Corps Court of Criminal Appeals affirmed. United States v. Kuemmerle, No. NMCCA 200700899 (N.M.Ct.Crim.App. Jan. 21, 2008). We granted review of the following issue:
WHETHER THE COURT-MARTIAL HAD JURISDICTION OVER THE OFFENSE OF DISTRIBUTING AN IMAGE OF CHILD PORNOGRAPHY WHERE APPELLANT POSTED THE IMAGE ON THE INTERNET PRIOR TO ENTERING ACTIVE DUTY AND HE TOOK NO FURTHER STEPS TO DISTRIBUTE THE IMAGE AFTER IT WAS INITIALLY POSTED.
We hold that the court-martial had jurisdiction over the offense charged and affirm.
BACKGROUND
Appellant enlisted in the United States Navy on June 21, 2001, and entered active duty on the same date. He reenlisted on June 20, 2005. On or before September 7, 2000, and prior to joining the Navy, Appellant posted a sexually explicit image of a child to his Yahoo! profile.[1] Other Internet users could access the image on Appellant’s profile. Indeed, one purpose of the Yahoo! profile is to allow users to publicly post information on their profile page. While on active duty, Appellant accessed his Yahoo! e-mail account, but did not update or make any modifications to his profile or the image posted on his profile.
In October 2005, the United States Attorney’s Office for the District of New Jersey, along with Immigration and Customs Enforcement (ICE), conducted an investigation into a purported child pornography website called “Illegal CP.” A warrant search of the website’s server revealed that Appellant paid for a membership and maintained a log-in name to access the website. ICE collected Appellant’s Yahoo! e-mail address as a result of this search. The Naval Criminal Investigative Service became involved in the ICE investigation in July 2006. On August 10, 2006, ICE Special Agent Aaron Meeks, who knew Appellant maintained a Yahoo! account, accessed Appellant’s Yahoo! profile and viewed the image that Appellant had previously posted to this profile. SA Meeks printed a hard copy of the image indicating the date of access. The stipulation of fact indicates that Appellant had accessed his Yahoo! e-mail account a few days prior to SA Meeks’s discovery of the image. Appellant did not attempt to remove the image from his profile until June 28, 2007.
Appellant was subsequently charged with distributing child pornography under the Child Pornography Prevention Act (CPPA), 18 U.S.C. § 2252A(a)(2)(A) (2000), as incorporated as a UCMJ violation by clause 3 of Article 134, UCMJ. Specifically, specification 3 charged Appellant with distribution on or about August 10, 2006. After agreeing to a pretrial agreement, Appellant filed a motion to dismiss for lack of jurisdiction, claiming that any distribution offense that occurred was complete prior to Appellant joining the Navy. After hearing argument by the defense counsel, the military judge denied the motion, “finding that the charged offense does not implicate any act conducted by the accused before he entered onto active duty ...”
During the plea colloquy with Appellant, the military judge defined “distribute” as follows:
Distribute means to deliver to the possession of another. Deliver means the actual, constructive or attempted transfer of an item. While transfer of child pornography may have been made or attempted in exchange for money or other property or promise of payment, proof of a commercial transaction is not required.
While the military judge did not specifically identify from what source he drew this definition, it mirrors the definition used in the *143 Manual for Courts-Martial for drug offenses. See Manual for Courts-Martial, United States pt. IV, para. 37.c(3) (2005 ed.) (.MCM). Neither party objected to the military judge’s definition of distribute when given to Appellant.
On appeal, Appellant contends that the alleged offense of distributing child pornography is not subject to court-martial jurisdiction because the act of distribution was complete when he posted the image on his Yahoo! profile in September 2000 and, as both parties agree, the image was posted before he entered military service. The Government argues that Appellant engaged in a continuing act of distribution by maintaining the profile while on active duty, and thus jurisdiction exists.
ANALYSIS
Article 2, UCMJ, delimits those persons subject to court-martial jurisdiction, permitting jurisdiction over, inter alia, “[mjembers of a regular component of the armed forces ...” Article 2(a)(1), UCMJ, 10 U.S.C. § 802(a)(1) (2000). The Supreme Court has further delimited court-martial jurisdiction based on the time of offense. Thus, courts-martial may only exercise jurisdiction over a servicemember “who was a member of the Armed Services at the time of the offense charged.” Solorio v. United States, 483 U.S. 435, 451, 107 S.Ct. 2924, 97 L.Ed.2d 364 (1987).
This Court reviews questions of jurisdiction de novo. United States v. Harmon, 63 M.J. 98, 101 (C.A.A.F.2006). Whether jurisdiction existed over the alleged offense depends on when the offense of “distribution” occurs. The parties agree, as do we, that this, in turn, depends on the meaning of “distribute” for the purposes of the CPPA. However, we do not agree with the manner in which the parties have cast the question. The real question is whether Appellant committed an offense of distribution on August 10, 2006, and if so, whether the military had jurisdiction over the charged offense.
The CPPA punishes:
(a) Any person who—
(2) knowingly receives or distributes—
(A) any child pornography that has been mailed, or ... shipped or transported in or affecting interstate or foreign commerce by any means, including by computer....
18 U.S.C. § 2252A(a)(2)(A). However, the statute does not define “distribute.” See id. In the absence of a statutory definition, we consider three sources: (1) the plain meaning of the term distribute; (2) the manner in which Article III courts have interpreted the term; and (3) guidance, if any, the UCMJ may provide through reference to parallel provisions of law. See Lopez v. Gonzales, 549 U.S. 47, 127 S.Ct. 625, 630, 166 L.Ed.2d 462 (2006) (in the absence of a statutory definition of a particular term, courts look “to regular usage to see what Congress probably meant”); Leocal v. Ashcroft, 543 U.S. 1, 9, 125 S.Ct. 377,160 L.Ed.2d 271 (2004) (“When interpreting a statute, we must give words their ‘ordinary or natural’ meaning.”) (citation omitted); United States v. McCollum, 58 M.J. 323, 340 (C.A.A.F.2003) (“[Wjords should be given their common and approved usage.”) (citation and quotation marks omitted). Toward this end, Appellant urges this Court to adopt the definition of “distribute” found in the Federal Sentencing Guidelines.[2] The Government urges the Court to define distribution as a continuous action based on the continuing nature of the Internet posting in this case. We begin instead with observations regarding how the term is defined elsewhere.
Black’s Law Dictionary defines “distribute” as “1. To apportion; to divide among *144 several. 2. To arrange by class or order. 3. To deliver. 4. To spread out; to disperse.” Black’s Law Dictionary 508 (8th ed.2004) (emphasis added). Merriam-Webster provides the following definition: “to divide among several or many: deal out ... to give out or deliver especially to the members of a group.” Webster’s Third New International Dictionary Unabridged (2002), available at http://unabridged.merriam-webster.com (last visited Dec. 4, 2008). As an example in common usage, distribute means “[to distribute] magazines to subscribers.” Id. The definition used by the military judge comports with these dictionary definitions because the plain usage shows that delivery can complete a distribution offense.
This usage of the term is consistent with the manner in which Article III federal courts have interpreted “distribution” in the context of the CPPA. In United States v. Shaffer, for example, the United States Court of Appeals for the Tenth Circuit concluded that the appellant distributed child pornography because he “delivered, transferred, dispersed, or dispensed” the image to others using a file-sharing program. 472 F.3d 1219, 1223 (10th Cir.2007) (quotation marks omitted). Other courts, interpreting the term “distribute” as it applies to sentence enhancements, have relied on Shaffer to define distribute: United States v. Geiner, 498 F.3d 1104, 1109-10 (10th Cir.2007) (finding that a transaction constitutes any act of conducting business or any action involving two or more persons, and “distribution” under the CPPA is a subset of such a transaction); United States v. Carani, 492 F.3d 867, 875-76 (7th Cir.2007) (finding that the defendant distributed child pornography when he posted videos on a file-sharing program and knew that other users were downloading these videos from his shared folder); United States v. Griffin, 482 F.3d 1008, 1012 (8th Cir.2007) (finding that the defendant distributed child pornography when he made files available for others to search and download on a file-sharing program); United States v. McVey, 476 F.Supp.2d 560, 563 (E.D.Va. 2007) (holding that the defendant committed the offense of distribution because he “knew that his file-sharing software allowed others to obtain child pornography from his computer”). The parties have not identified any contrary holdings.[3]
The plain meaning of “distribute” and decisions by federal courts interpreting the term under the CPPA are also consistent with the definition of distribute used in the MCM for drug offenses. The explanation to the MCM defines distribute as “to deliver to the possession of another[,]” albeit in the context of the wrongful distribution of a controlled substance. MCM pt. IV, para. 37.c(3). While this definition was not intended to be used to inform interpretation of a civilian statute, and is not authoritative in that regard, it is noteworthy that the definition used by the military judge and by other federal courts is consistent with the manner in which the term “distribution” is used in the UCMJ to connote in effect both “offer” and “delivery.”
Based on the foregoing, we conclude that distribution of child pornography through the Internet under the CPPA, as factually presented in this case, consisted of two acts — (1) the posting of the image, whereby the image left the possession of the original user, and (2) delivery of the image, whereby another user accessed and viewed the image.
Here, Appellant posted a pornographic image of a child to his Yahoo! profile. A Yahoo! profile operates as a so-called “public bulletin board” such that all Internet users can access information posted by the profile’s owner. Appellant thus posted the image for other users to view on his profile and did so before entering on active duty. Significantly, however, Appellant stipulated that he accessed his Yahoo! account while on active duty. He also stipulated that he had the *145 ability to access the profile while on active duty, including the capacity to remove the image of child pornography. Indeed, after he was already charged, Appellant took steps to remove the image on June 28, 2007, the same day on which he was convicted. By implication, Appellant made an affirmative decision while on active duty to keep the image posted on his profile. Thus, whether or not a civilian criminal offense may have occurred sometime in September 2000, when Appellant initially posted the image, an offense occurred under the UCMJ on August 10, 2006. On this date, at a time when Appellant maintained control over the content on his profile, SA Meeks accessed and viewed the sexually explicit image of a child that Appellant had posted there for others to view. This access constituted delivery of the image under the CPPA on August 10, 2006.
As a result, the court-martial had jurisdiction over the offense of distribution on August 10, 2006, a date on which all parties agree Appellant was on active duty and subject to the UCMJ.[4]
DECISION
The decision of the United States Navy-Marine Corps Court of Criminal Appeals is affirmed.

. A Yahoo! "public profile is a page with information about [the user] that other Yahoo! members can view. [The user’s] profile allows [the user] to publicly post information about [himself] that [he] want[s] to share with the world.” Yahoo! Member Directory — What is a public profile?, http://help.yahoo.eom/l/us/yahoo/members/ basics/md-06.html (last visited Dec. 3, 2008).

. The Sentencing Guidelines for the offense of sexual exploitation of a minor state that:
"Distribution” means any act, including possession with intent to distribute, production, advertisement, and transportation, related to the transfer of material involving the sexual exploitation of a minor. Accordingly, distribution includes posting material involving the sexual exploitation of a minor on a website for public viewing but does not include the mere solicitation of such material by a defendant.
U.S. Sentencing Guidelines Manual § 2G2.2 cmt. n.l (2008).

. In his brief, Appellant cites three cases to suggest that uploading and posting an image could complete the offense of distributing child pornography. United States v. Gross, 437 F.3d 691 (7th Cir.2006); United States v. Griffith, 344 F.3d 714 (7th Cir.2003); United States v. Bassignani, No. CR 06-0657 SI, 2007 U.S. Dist. LEXIS 65648, 2007 WL 2406868 (N.D.Cal. Aug. 20, 2007). However, regardless of whether posting an image can constitute "distribution,” we must only decide today whether Appellant distributed child pornography on August 10, 2006.

. We do not and need not accept the Government's invitation to also decide whether Appellant could have or may have committed other military or civilian offenses on a continuing basis or any other specific date between September 7, 2000, and August 10, 2006.