UNITED STATES of America

v.

Larry D. CRAIG, Jr., Boatswain's Mate Second Class (E–5), U.S. Navy.

NMCCA 200800716.

U.S. Navy–Marine Corps Court of Criminal Appeals.

Sentence Adjudged 28 May 2008.

28 May 2009.

For Appellant: LT Brian Korn, JAGC, USN.

For Appellee: Capt Mark Balfantz, USMC.

Before O'TOOLE, Chief Judge, COUCH, Senior Judge, and MAKSYM, Appellate Military Judge.

## PUBLISHED OPINION OF THE COURT

O'TOOLE, Chief Judge:

A military judge, sitting as a general court-martial, convicted the appellant, in accordance with his pleas, of one specification each of receipt, possession, and distribution of child pornography, in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934, and 18 U.S.C. § 2252A. The military judge sentenced the appellant to confinement for 18 months, reduction to pay grade E-1, and a bad-conduct discharge. The terms of the pretrial agreement had no effect on the sentence. The convening authority approved it as adjudged and, except for the bad-conduct discharge, ordered the sentence executed.

The appellant raises two issues on appeal: first, that his guilty plea to distribution of child pornography is improvident because there is insufficient evidence of distribution; second, that the military judge committed plain error by not declaring the charges of receipt and possession of child pornography multiplicious. Having reviewed the record and the pleadings of the parties, and having considered the excellent oral argument of counsel, we conclude that there is merit to the appellant's first assignment of error. We will dismiss Specification 2 in our decretal paragraph. Otherwise, we conclude that the remaining findings and the sentence, as reassessed, are correct in law and fact and that no error materially prejudicial to the substantial rights of the appellant remains. Arts. 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a) and 866(c).

## Summary of Facts

During his providency inquiry, and in his detailed stipulation of fact, the appellant admitted that he downloaded file-sharing software called "LimeWire" to his computer. LimeWire is a "peer-to-peer" file sharing program that allows users to connect with each other and to share files across the Internet. Record at 31. The appellant also admitted that he searched for child pornography on LimeWire using search terms such as "girls" or "pthc" (which the appellant's testimony indicated refers to "preteen, hardcore"). *Id.* at 31–32. The appellant admitted that he "clicked on" files of interest located by his computer, which then downloaded into his LimeWire "share" folder. *Id.* at 32–34. Upon looking at the images and videos in the downloaded files, and determining that they were child pornography, the appellant said that he kept some of them in the LimeWire share folder on his hard drive, he copied some of them to CDs, and he deleted others. *Id.*

At all times relevant to his charges, the appellant kept images of child pornography in his LimeWire share folder. He told the military judge that "[b]y keeping them on the LimeWire in the share folder, it allowed other people in other areas to access the files that I contained on my computer." *Id.* at 47. He elaborated, "The files were in the share folder that at the time anybody anywhere could access those files, get a copy of that file from my computer." *Id.* at 51; *see also* Prosecution Exhibit 1 at 4. He understood others could access his computer when he was logged onto LimeWire, but he was unaware of whether anyone had actually done so, because there is no function in the LimeWire software to indicate someone had downloaded files from him. Record at 51; PE 1 at 4.

## Sufficiency of Evidence

The appellant asserts that the plea inquiry did not establish a sufficient factual basis to demonstrate his guilt as to Specification 2 of the Charge, distribution of child pornography. We agree.

744

*The Law*

A guilty plea will be rejected on appeal only where the record of trial shows a substantial basis in law or fact for questioning the plea. *United States v. Inabinette*, 66 M.J. 320, 322 (C.A.A.F.2008). In reviewing the providence of the appellant's guilty pleas, we considered his responses during the providence inquiry, the stipulation of fact, as well as inferences drawn from them. *United States v. Carr*, 65 M.J. 39, 41 (C.A.A.F.2007)(citing *United States v. Hardeman*, 59 M.J. 389, 391 (C.A.A.F.2004)). A military judge may only accept a guilty plea if the appellant articulates a factual basis for his plea. Art. 45, UCMJ, 10 U.S.C. § 845; RULE FOR COURTS-MARTIAL 910(e), MANUAL FOR COURTS-MARTIAL, UNITED STATES (2008 ed.); *see United States v. Phillippe*, 63 M.J. 307 (C.A.A.F.2006). Whether a factual basis exists for a guilty plea is a mixed question of law and fact. *United States v. Holmes*, 65 M.J. 684, 687 (N.M.Ct.Crim.App. 2007). We review the military judge's decision to accept the appellant's guilty pleas to that offense for an abuse of discretion. *United States v. Shaw*, 64 M.J. 460, 462 (C.A.A.F.2007)(quoting *United States v. Eberle*, 44 M.J. 374, 375 (C.A.A.F.1996)).

 We also note that a provident guilty plea is grounded first in the accused's knowledge of the elements of the alleged offense. Thus, it is the military judge's duty to accurately inform the appellant of the nature of his offense, and then to elicit from him a factual basis to support his plea. *See United States v. Care*, 18 C.M.A. 535, 40 C.M.R. 247, 1969 WL 6059 (1969). *See also* Art. 45(a), UCMJ; R.C.M. 910(c)(1). Before examining the appellant's assertion that there are insufficient facts to support his plea, we must be satisfied that he accurately understood the elements and the nature of the offense. This includes correct definitions of legal concepts. A military judge's failure to provide correct definitions can render a plea improvident. *See United States v. O'Connor*, 58 M.J. 450, 453 (C.A.A.F.2003)(holding plea improvident due to erroneous definition of child pornography); *United States v. Pretlow*, 13 M.J. 85, 88–89 (C.M.A.1982)(holding plea improvident when military judge failed to define substantive elements of conspiracy to commit robbery, a complex offense).

*Discussion*

The Government proceeded under 18 U.S.C. § 2252A(a)(2), by charging distribution of child pornography as a violation of that statute under Article 134, UCMJ, 10 U.S.C. § 934, clause 3. The statutory elements of this offense include that the appellant knowingly distributed child pornography that had been mailed, or shipped or transported in interstate or foreign commerce by any means, including by computer. The military judge advised the appellant of these elements. Record at 26. He also correctly provided the appellant several of the statutory definitions from 18 U.S.C. § 2256, including, *inter alia*, the definitions of child pornography, minor, sexually explicit conduct, and visual depiction, which, he said, includes data stored on a computer. Significantly, there is no definition of "distribute" in either § 2252A or in the applicable definitions from § 2256. In view of this, the military judge read part of the definition of "distribute" from Article 112a: "Distribute means to deliver to the possession of another." Record at 26. It is the use of this definition, and the assertion that the providence inquiry provides insufficient evidence to meet it, that is the focus of the appellant's first assigned error.

 When a statute does not define a term, we consider three sources of guidance in ascertaining its meaning: (1) the plain meaning of the term; (2) the manner in which Article III courts have construed the term; and (3) the guidance gleaned from any parallel UCMJ provisions. *United States v. Kuemmerle*, 67 M.J. 141, 143 (C.A.A.F.2009). In *Kuemmerle*, the Court of Appeals for the Armed Forces (CAAF) considered these three sources of guidance in determining that delivery and receipt was sufficient to sustain a plea of guilty to distribution of child pornography. The CAAF concluded that the common usage of the term "distribute", as derived from *Black's Law Dictionary* (8th ed.2004) and *Webster's Third New International Dictionary Unabridged* (2002), is exemplified by the distributing of magazines to

subscribers. *Kuemmerle,* 67 M.J. at 144. The CAAF held this usage was consistent with the federal courts' treatment of distribution in the context of child pornography cases. *Id.* (citing *United States v. Shaffer,* 472 F.3d 1219, 1223 (10th Cir.2007) (concluding images were distributed in the sense of having been "delivered, transferred, dispersed, or dispensed" to others when the accused allowed others access to his computerized stash of images and videos using a file-sharing program)). Significantly in these cases, the image distributed was actually received by another person, a law enforcement agent. Thus, the CAAF specifically declined in *Kuemmerle* to decide whether "posting an image" alone may constitute distribution. *Id.* at 144 n. 3. We now face that issue in the context of this guilty plea.

In addition to the foundation provided in *Kuemmerle,* we find additional guidance in the definition of "distribute" in the Model Federal Jury Instructions: "To 'distribute' something simply means to deliver or transfer possession of it to someone else, with or without any financial interest in the transaction." S2–11th Cir. PJI Model Federal Jury Instructions–Criminal § 75.4. Though somewhat differently phrased, the instruction given by the military judge in this case is consistent with the model federal instruction, the common meaning as articulated by the CAAF, and the usage in Article III courts. The plain meaning of these definitions includes the transfer of an item from the possession of one person into the possession of another. Thus, we conclude that the military judge provided a correct statement of the law. The facts underlying the guilty plea, however, do not satisfy this definition.

When the item to be transferred is an electronic image, the distribution transaction can be accomplished through various means, and specifically includes the keeping of images in a peer-to-peer file-sharing application where they were downloaded to other subscribers of the application. However, as already noted, the limited number of cases in which distribution is accomplished through

file-sharing all culminate in another person, in fact, downloading the image. *See Kuemmerle,* 67 M.J. at 143; *Shaffer,* 472 F.3d at 1223–25; *United States v. Christy,* 65 M.J. 657, 663 (Army Ct.Crim.App.2007); *United States v. Abraham,* 2006 WL 3052702, at *8, 2006 U.S. Dist. LEXIS 81006, at *22 (W.D.Pa. Oct. 24, 2006)(concluding defendant "distributed" a visual depiction when state trooper was able to download child pornography from defendant's computer through a peer-to-peer video file sharing program).

The Government urges that distribution in the context of a drug distribution is broad enough to encompass an actual, constructive or attempted delivery. Government's Consent Motion to Cite Supplemental Authority of 11 Feb 2009 at 3 (citing *United States v. Tamargo,* 672 F.2d 887, 890 (11th Cir.1982)). While this is correct, we do not find a similarly broad definition in the federal child pornography statute, nor in its usage in the federal courts, with the exception of a specific definition applicable to the *U.S. Sentencing Guidelines Manual.*[1] Though Congress' intent in enacting 18 U.S.C. § 2252 was a broad one, to protect children from sexual exploitation (*See* S.Rep. No. 438, 95th Cong., 2d Sess. 3, reprinted in 1978 U.S.C.C.A.N. 40, 41), we find no authority to impute a broader definition to the term "distribute" than Congress or the federal courts have provided. This is, in part, because Congress has specifically provided statutory prohibitions against promoting or offering child pornography, and against its attempted distribution. *See* §§ 2251(d), 2252A(a)(3)(B), 2252A(a)(6), and 2252A(b). Quite clearly, knowingly acting as a child pornography distribution node within a network of file-sharers is punishable under these statutes as a discrete offense, even when there is no evidence of a completed transfer of possession. *See also United States v. Sewell,* 513 F.3d 820, 822 (8th Cir.2008)(placing images in Kazaa shared folder was offer to distribute under § 2251(d)(1)(A)), *cert. denied,* —— U.S. ——, 128 S.Ct. 2517, 171 L.Ed.2d 789 (2008).

---

1. " 'Distribution' means any act, including possession with intent to distribute, production, advertisement, and transportation, related to the transfer of material involving the sexual exploitation of a minor." U.S. Sentencing Guidelines Manual 2G2.2 cmt. n. 1 (2008).

Under the facts of this case, we take a conservative approach to criminal statutory construction. Chief Justice Marshall is noted to have said, "The rule that penal laws are to be construed strictly, is perhaps not much less old than construction itself. [However] . . . they are not to be construed so strictly as to defeat the obvious intention of the legislature." *United States v. Wiltberger,* 5 Wheat. 76, 95, 5 L.Ed. 37 (U.S.1820). Mindful of this admonition, we conclude that we have no authority to include incomplete transfers of possession within the meaning of "distribute" as it relates to child pornography. This in no way defeats the congressional intent to broadly protect children, because Congress has separately provided for the punishment of offering child pornography and of attempts to offer and distribute it. 18 U.S.C. §§ 2251(d), 2252A(b).

The plea of guilty in this case to distribution of child pornography is improvident because it is supported only by facts that the images and videos were made available. The appellant testified only as to limited times when he was "on line" with LimeWire during which others *could* have downloaded the available images from him, and he offered no information on whether anyone actually *did* so such that the charged distribution resulted in a completed transfer of possession of the contraband. However, the appellant was not charged with offering child pornography or of making it available. Furthermore, there was neither an explanation by the military judge of the elements of attempt to distribute, nor an inquiry into the facts necessary to support that lesser included offense. We, therefore, conclude that there is a substantial basis in fact to question the guilty plea. In our decretal paragraph, we will set aside the findings of guilty to Specification 2 of the Charge.

Despite our setting aside Specification 2, the evidence that the appellant was knowingly acting as a distribution node of child pornography within a larger file-sharing network would still have been correctly placed before the military judge as a matter in aggravation. As a result, the sentencing landscape would not have been drastically changed by the dismissal of Specification 2.

*United States v. Buber,* 62 M.J. 476, 479 (C.A.A.F.2006). Applying the analysis set forth in *United States v. Sales,* 22 M.J. 305 (C.M.A.1986) and *United States v. Moffeit,* 63 M.J. 40 (C.A.A.F.2006), and carefully considering the entire record, we are satisfied beyond a reasonable doubt that, even if Specification 2 had been dismissed at trial, the military judge would have adjudged a sentence no less than that approved by the convening authority in this case.

## Multiplicity

■■■ Multiplicity is a constitutional violation of the Double Jeopardy Clause, which occurs when a court, " 'contrary to the intent of Congress, imposes multiple convictions and punishments under different statutes for the same act or course of conduct.' " *United States v. Paxton,* 64 M.J. 484, 490 (C.A.A.F.2007)(quoting *United States v. Teters,* 37 M.J. 370, 373 (C.M.A.1993)). However, an unconditional guilty plea ordinarily waives a multiplicity issue unless the offenses are "facially duplicative, that is, factually the same." *United States v. Lloyd,* 46 M.J. 19, 23 (C.A.A.F.1997). Multiplicity claims are reviewed *de novo. United States v. Palagar,* 56 M.J. 294, 296 (C.A.A.F.2002); *United States v. Campbell,* 66 M.J. 578, 581 (N.M.Ct. Crim.App.2008), *rev. granted,* 67 M.J. 416 (C.A.A.F. Apr. 30, 2009).

■ The appellant admitted that he received the pornographic images of children "on divers occasions" through a peer-to-peer filing sharing software, from which he then saved the images into a LimeWire "share" folder on his computer's hard drive. Thereafter, he admitted that, at various times, he duplicated some of the images onto CDs. The charges of which the appellant now complains were brought under two different sections of the statute. He was charged with receiving child pornography as a violation of 18 U.S.C. § 2252A(a)(2), and with the possession of child pornography as a violation of § 2252A(a)(5)(B). This latter section proscribes the possession of "any book, magazine, periodical, film, videotape, computer disk, or any other material that contains an image of child pornography . . . ."

In *Campbell,* 66 M.J. at 578, we held that possession of images of child pornography on

the appellant's office computer as a result of his initial downloading of the images, and his possession of child pornography on computer disks as a result of his subsequent copying of those same images to separate media, were separate and distinct criminal actions. Each one of these offenses falls squarely within the statutory prohibition of 18 U.S.C. § 2252A(a)(5)(A), prohibiting the possession of media containing child pornography. *Id.* at 583. In so holding, we relied in part on the reasoning of the Fifth Circuit in *United States v. Planck*, 493 F.3d 501, 504 (5th Cir.2007), which held that "[w]here a defendant has a single envelope or book or magazine containing many images of minors engaging in sexual activity, the government often should charge only a single count." (Citation and internal quotation marks omitted). However, the *Planck* court went on to say that when "a defendant has images stored in separate materials (as defined in 18 U.S.C. § 2252A), such as a computer, a book, and a magazine, the Government may charge multiple counts, each for the type of material or media possessed, as long as the prohibited images were obtained through the result of different transactions."

The appellant's conduct in possessing media containing child pornography in this case is discrete from that of receipt of the original images which he saved to his computer hard drive. Having knowingly received the contraband images, he duplicated and embedded some of the images into media on which they were not then present. Though the images might appear identical to the originals when viewed, the duplicates on the CD are separate electronic files, created by the appellant, and embedded in different media. These actions support his plea of guilty to possession of the CD media, knowing that it then contained child pornography, as an offense separate from his receipt of images he retained on the hard drive of his computer.[2]

In summary, the specifications of receipt and possession of child pornography in this case address at least two criminal actions by the appellant, each of which occurred at a different time within the charged time period, and involved separate media. The specifications are not, therefore, facially duplicative, and the appellant is not entitled to relief.

## Conclusion

The findings of guilty to Specification 2 are set aside and Specification 2 is dismissed. The remaining findings and the sentence, as reassessed and approved by the convening authority, are affirmed.

Senior Judge COUCH and Judge MAKSYM concur.

---

**2.** *Campbell* also referred to *United States v. Madigan,* 54 M.J. 518, 521 (N.M.Ct.Crim.App.2000). *Id.* at 581–82. To the extent *Madigan* depends on time alone as the determinative factor in supporting a possession of child pornography charge as distinct from a charge of receipt, we distance ourselves from that position. We affirm that a separate *actus reus* must be present to support the two charges as distinct.