UNITED STATES, Appellee

v.

Larry D. CRAIG Jr., Boatswain's Mate Second Class
U.S. Navy, Appellant

No. 09-0759

Crim. App. No. 200800716

United States Court of Appeals for the Armed Forces

Decided March 9, 2010

PER CURIAM

<u>Counsel</u>

For Appellant: <u>Lieutenant Brian D. Korn</u>, JAGC, USN (on brief).

For Appellee: <u>Captain Mark V. Balfantz</u>, USMC (on brief); <u>Colonel Louis J. Puleo</u>, USMC.

Military Judge: Kevin O'Neil

THIS OPINION IS SUBJECT TO REVISION BEFORE FINAL PUBLICATION.

PER CURIAM:

Consistent with his pleas, Appellant was convicted by a military judge sitting alone as a general court-martial of receipt, distribution, and possession of child pornography, in violation of 18 U.S.C. § 2252A (2006), as incorporated by Article 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 934 (2006). The convening authority approved the adjudged sentence of a bad-conduct discharge, confinement for eighteen months, and reduction to the lowest enlisted grade. The United States Navy-Marine Corps Court of Criminal Appeals (CCA) disapproved the distribution specification but otherwise affirmed the findings and sentence. United States v. Craig, 67 M.J. 742, 747 (N-M. Ct. Crim. App. 2009). We granted review to consider whether the military judge committed plain error by not sua sponte declaring that the offenses of receiving and possessing the same child pornography were multiplicious.

At trial, Appellant pled guilty unconditionally to the charge and all specifications and agreed to a pretrial agreement, stating he would "waive all motions except those that are otherwise non-waivable pursuant to [Rule for Courts-Martial] 705(c)(1)(B)." In a stipulation of fact and during the providence inquiry, Appellant admitted he knowingly received and possessed child pornography. Specifically, Appellant admitted he (1) downloaded sixty-eight images and twenty-four movie files

of child pornography using peer-to-peer software; (2) kept the files in his "share" folder, allowing others to download them; and (3) copied the files to "disks [sic]."

The CCA held that Appellant's unconditional guilty pleas waived the issue of whether the receipt and possession specifications were multiplicious because these offenses were not facially duplicative, since they involved files on different media (compact discs, as opposed to a hard drive). Craig, 67 M.J. at 746-47.

The CCA's reasoning comports with our holding in United States v. Campbell, 68 M.J. 217 (C.A.A.F. 2009), decided after the CCA handed down its decision. In Campbell, we held that an unconditional guilty plea waived multiplicity claims when the offenses were not facially duplicative. 68 M.J. at 220. Here, Appellant pled guilty unconditionally to the charge and all specifications. The CCA correctly held that the receipt and possession offenses were not facially duplicative because Appellant received the files on one medium and stored them on another. Craig, 67 M.J. at 746-47; see Campbell, 68 M.J. at 220.

The judgment of the United States Navy-Marine Corps Court of Criminal Appeals is affirmed.