UNITED STATES ARMY COURT OF CRIMINAL APPEALS

 Before
 JOHNSON, COOK, and BURTON
 Appellate Military Judges

 UNITED STATES, Appellee
 v.
 Specialist MATTHEW J. MCCLAIN
 United States Army, Appellant

 ARMY 20090446

 Headquarters, Fort Drum
 Andrew Glass, Military Judge
 Lieutenant Colonel Steven P. Hester, Staff Judge Advocate (pretrial)
 Lieutenant Colonel Michael O. Lacey, Staff Judge Advocate (post-trial)

For Appellant: Captain Matthew T. Grady, JA (argued); Colonel Mark Tellitocci, JA; Lieutenant
Colonel Imogene M. Jamison, JA; Major Laura R. Kesler, JA; Captain Matthew T. Grady, JA (on brief).

For Appellee: Captain Frank E. Kostik, Jr., JA (argued); Major Amber J. Williams, JA; Major
LaJohnne A. White, JA; Captain Frank E. Kostik, Jr., JA (on brief).

 19 August 2011

 ---------------------------------
 MEMORANDUM OPINION
 ---------------------------------

 This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.

BURTON, Judge:

 A military judge, sitting as a general court-martial, convicted appellant, contrary to his
pleas, of one specification each of possession of child pornography and distribution of visual
depictions of minors engaging in sexually explicit conduct to internet users, in violation of
Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934 [hereinafter UCMJ]. The military
judge sentenced appellant to a bad-conduct discharge, confinement for fourteen months, and reduction
to E1. The convening authority approved only so much of the sentence as provided for thirteen
months’ confinement and otherwise approved the adjudged sentence.

This case is before the court for review under Article 66, UCMJ. Appellant raised three assignments
of error, one of which merits discussion and relief. Appellant claims the evidence is legally and
factually insufficient to support his conviction for “distributing visual depictions of minors
engaging in sexually explicit conduct to internet users” in Specification 2 of The Charge. We
concur and take corrective action in our decretal paragraph.

 BACKGROUND

In March 2008, Special Agent (SA) D, an investigator for the Naval Criminal Investigative Service
(NCIS), was conducting an undercover investigation for personnel distributing child pornography over
the internet. SA D testified that, using the Limewire peer-to-peer file sharing software, he could
view a file in another Limewire user’s shared file when (1) the other user was online with Limewire
actively running and (2) the complete file was located in the Limewire shared folder. As part of
the investigation, SA D found eleven video files he suspected contained child pornography in the
Limewire shared folder of a specific “Internet Protocol” (IP) address belonging to appellant. SA D
attempted to download all of the videos located in appellant’s folder, but was successful in
downloading only three files. There is no explanation in the record as to why he could not download
or view all of the videos he suspected contained child pornography. SA D downloaded two of the
files exclusively from appellant, but appellant was not charged with possessing or distributing
either of those videos. “Over 90 percent” of the third video was downloaded exclusively from
appellant.[1] Though appellant was charged with distributing this video, he was not charged with
its possession.

Appellant was charged with possession of four other video files containing child pornography in
violation of 18 U.S.C. § 2252A. SA D was unable to download those four videos directly from
appellant’s shared folder. However, using his file-sharing software, SA D was able to locate,
download, and view from other internet file-sharing users four of the same files that had been in
appellant’s shared folder. SA D testified that he believed the files were the same because they had
the same long titles, they were the same type of file, they were the same size, and they had a
shared “SHA1 value.”[2] In a sworn statement, appellant admitted to downloading child pornography
because he was “curious.”

With regard to SHA1 values, the military judge noted that he permitted SA D to testify that the SHA1
values from the files on appellant’s computer matched the files SA D suspected contained child
pornography that SA D downloaded from other users. He also noted that the defense “can certainly
argue that [the matching SHA1 numbers] do[es not] mean anything, because there’s no expert testimony
in front of the court that it does.”

 LAW AND DISCUSSION

 Appellant asserts the evidence was legally and factually insufficient to find him guilty of
“knowingly and wrongfully distribut[ing] by computer to internet users, visual depictions of minors
engaging in sexually explicit conduct . . . which conduct was of a nature to bring discredit upon
the armed forces.” We agree with appellant’s assertion; there is insufficient evidence in the
record that appellant distributed “visual depictions of minors engaged in sexually explicit
conduct.”[3]

 It is undisputed that of the “approximately four” video files appellant was charged with
distributing in Specification 2 of The Charge, only one is alleged to contain “visual depictions of
minors engaged in sexually explicit conduct.” According to SA D’s testimony, that file was located
in appellant’s shared Limewire folder. Citing to United States v. Craig, appellant claims the facts
are legally insufficient to sustain a conviction for distribution because there is no evidence that
he “distribute[d] any videos as charged because there is zero evidence showing ‘the transfer of an
item from the possession of one person into the possession of another.” 67 M.J. 742, 745 (N.M. Ct.
Crim. App. 2009). Our superior court has relied on United States v. Shaffer, 472 F3d. 1219 (10th
Cir. 2007) in defining the term “distribute” within the context of the Child Pornography Protection
Act (CPPA). United States v. Kuemmerle, 67 M.J. 141, 144 (C.A.A.F. 2009). In Kuemmerle the Court
of Appeals for the Armed Forces (C.A.A.F.) held that posting an image in a shared folder where
another user accessed and viewed an image of child pornography constituted “distribution” under the
CPPA. Id.

Our sister court, looking specifically at peer-to-peer file sharing, held that distribution can
occur for purposes of the CPPA where images are kept in a peer-to-peer file sharing application if
the images “were downloaded to other subscribers of the application.” United States v. Craig, 67
M.J. 742, 745 (N.M. Ct. Crim. App. 2009), aff’d 68 M.J. 399 (C.A.A.F. 2010). However, the Navy-
Marine Corps Court noted that the C.A.A.F. “specifically declined in Kuemmerle to decide whether
‘posting an image’ alone may constitute distribution.” 67 M.J. at 745. The court then “conclude[d]
that [it had] no authority to include incomplete transfers of possession within the meaning of
‘distribute’ as it relates to child pornography.” Id. at 746.

We note appellant was not charged under an assimilated CPPA violation through clause 3 of Article
134, UCMJ. Rather, he was charged under clauses one and two of Article 134, UCMJ, and convicted
only of a violation of clause two. We need not determine whether making available a file containing
child pornography in peer-to-peer file sharing folders constitutes “delivery” under clause 2 of
Article 134, UCMJ, because we have insufficient evidence that what appellant “distributed” to SA D
was child pornography. There is insufficient evidence in the record to show that the estimated “90
percent” of the file SA D downloaded from appellant contained “visual depictions of minors engaging
in sexually explicit conduct.” SA D testified that his attempts to download the file exclusively
from appellant failed and he received parts of the video from other internet users. It is
impossible to tell which part of the viewable file SA D received from appellant and which he
received from other internet users. Upon our review of the video file in question, we note the file
contains some images that are not “visual depictions of minors engaged in sexually explicit
conduct.” It is impossible to discern from the record what the portion of the file SA D downloaded
from appellant actually contained versus what was downloaded from other internet users. It is also
impossible to determine if the estimated 90 percent of the file downloaded from the appellant was
viewable. Thus, we are not convinced beyond a reasonable doubt that the estimated 90 percent of the
video file appellant is alleged to have distributed to SA D in Specification 2 of The Charge
actually contained prohibited material.

The government alternately urges us to affirm a lesser-included offense of attempt under Article 80,
UCMJ. We are unable to do so—no evidence supports a finding that appellant had the specific intent
to distribute child pornography. Neither can we support an inference of such. Appellant testified
at the time of trial he “still [did not] know what a shared folder” was and was not aware of whether
he had a shared folder on his computer. He specifically stated he “didn’t know that somebody could
come in and access whatever you had on your computer and take it.” He believed the images he
downloaded came from “the internet” and not from other Limewire users. He also testified that he
believed he had deleted the one image that he had viewed by hitting a “red ‘X’ in Limewire.” We
distinguish this case from Shaffer, where the appellant “concede[d] that ‘[h]e allowed, or caused,
distribution by leaving his files on his computer that other [peer-to-peer software] users could
access.” 472 F.3d at 1223. We are not convinced beyond a reasonable doubt appellant maintained the
specific intent to place child pornography in a shared, peer-to-peer software program and make that
child pornography available for viewing or downloading by other Limewire users. Thus, we cannot
affirm a lesser-included offense of attempted distribution. Because we find the evidence legally
and factually insufficient to support a conviction for distribution of “visual depictions of minors
engaging in sexually explicit conduct” or a lesser-included offense of attempted distribution, we
must set aside the specification.

 Conclusion

 Upon consideration of the entire record, including those matters personally specified by
appellant pursuant to United States v. Grostefon, 12 M.J. 431 (C.M.A. 1982), the finding of guilty
of Specification 2 of the Charge is set aside and that Specification is dismissed. The remaining
findings of guilty are affirmed. Reassessing the sentence on the basis of the errors noted, the
entire record, and in accordance with the principles of United States v. Sales, 22 M.J. 305 (C.M.A.)
and United States v. Moffeit, 63 M.J. 40 (C.A.A.F. 2006), including the factors identified by Judge
Baker in his concurring opinion, the court affirms the approved sentence.

 Senior Judge JOHNSON and Judge COOK concur.

 FOR THE COURT:

 MALCOLM H. SQUIRES, JR.
 Clerk of Court
-----------------------
[1] SA D testified at an Article 39(a), UCMJ, session that he downloaded the file from multiple
users because it helped increase the download speed of the file.

[2] Because SA D testified as a lay witness under Military Rule of Evidence [hereinafter Mil. R.
Evid.] 701, the military judge refused to consider evidence about what a “SHA1” value was.
[3] Because of the corrective action we take in this case, we need not address appellant’s assertion
that the evidence was not legally and factually sufficient to find his conduct for Specification 2
of The Charge was of a nature to bring discredit upon the armed forces under clause 2 of Article
134, UCMJ.