# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
SIMS, COOK, and GALLAGHER
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private First Class JARVIS J. PILAGO**
**United States Army, Appellant**

ARMY 20100414

Headquarters, Maneuver Support Center of Excellence
Charles D. Hayes, Military Judge
Colonel Steven E. Walburn, Staff Judge Advocate (pretrial)
Lieutenant Colonel James S. Tripp, Acting Staff Judge Advocate (post-trial)

For Appellant:  Lieutenant Colonel Imogene M. Jamison, JA; Major Jacob D. Bashore, JA; Captain Stephen J. Rueter, JA (on brief).

For Appellee:  Major Ellen S. Jennings, JA; Captain Edward J. Whitford, JA (on brief).

5 July 2012

----------------------------------
SUMMARY DISPOSITION
----------------------------------

Per Curiam:

An enlisted panel sitting as a general court-martial convicted appellant, contrary to his pleas, of forcible sodomy and adultery in violation of Articles 125 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 925 and 934 (2006) [hereinafter UCMJ].  The panel sentenced appellant to a dishonorable discharge, confinement for forty-two months, total forfeiture of all pay and allowances for forty-two months, and reduction to the grade of E-1.  The convening authority approved only so much of the adjudged sentence as provides for a dishonorable discharge, total forfeiture of all pay and allowances for thirty months, confinement for thirty months, and reduction to the grade of E-1.

This case is before this court for review under Article 66, UCMJ.  Appellant has raised the following assignment of error:

THE CHARGE [CHARGE IV] AND ITS SPECIFICATION FAIL TO STATE AN OFFENSE AS THE SPECIFICATION DOES NOT ALLEGE, EXPRESSLY OR BY NECESSARY IMPLICATION, THE "TERMINAL ELEMENT" AS REQUIRED BY *UNITED STATES V. FOSLER*, 70 M.J. 225 (C.A.A.F. 2011).

We agree and grant relief in our decretal paragraph.

## LAW AND DISCUSSION

As drafted, the specification charged appellant, a married man, with committing adultery by wrongfully having sexual intercourse with Mrs. DD, a married woman who was not appellant's wife. This specification did not allege a "terminal element" of an Article 134, UCMJ, clause 1 or clause 2 offense, specifically, whether appellant's conduct was prejudicial to good order and discipline and/or service discrediting.

The Specification of Charge IV did not include the terminal element of an Article 134, UCMJ, clause 1 or 2 offense, either explicitly or by necessary implication. Pursuant to our superior court's decisions in *United States v. Humphries*, __ M.J. ___ (C.A.A.F. 15 June 2012), *United States v. Ballan*, 71 M.J. 28 (C.A.A.F. 2012) and *United States v. Fosler*, 70 M.J. 225 (C.A.A.F. 2011), because the Specification of Charge IV did not include the terminal element, it fails to state an offense. After reviewing the record of trial in its entirety, we find that "under the totality of the circumstances in this case, the Government's error in failing to plead the terminal element of Article 134, UCMJ, resulted in material prejudice to [appellant's] substantial, constitutional right to notice." *See United States v. Girouard*, 70 M.J. 5, 11-12 (C.A.A.F. 2011); *Fosler* at 229; *Humphries*, slip op. at 16 (internal citations omitted). Accordingly, appellant's conviction for adultery cannot stand.

In regards to sentencing, we conclude the members would have properly considered the evidence adduced regarding the adultery because the actions surrounding the adultery were inextricably linked to the offense for which appellant was properly convicted. "[T]he sentencing landscape would not have been drastically changed" by the absence of The Specification of Charge IV. We are satisfied beyond a reasonable doubt the members would have adjudged a sentence no less than the sentence approved by the convening authority in this case. *United States v. Craig*, 67 M.J. 742, 746 (N.M. Ct. Crim. App. 2009) *aff'd on other grounds*, 68 M.J. 399 (C.A.A.F. 2010); *see also United States v. Moffeit*, 63 M.J. 40 (C.A.A.F. 2006); *United States v. Sales*, 22 M.J. 305 (C.M.A. 1986).

## CONCLUSION

The finding of guilty of Charge IV and its Specification is set aside. The remaining finding of guilty is affirmed. Reassessing the sentence on the basis of the error noted, the entire record, and in accordance with the principles of *United States v. Sales*, 22 M.J. 305 (C.M.A. 1986) and *United States v. Moffeit*, 63 M.J. 40 (C.A.A.F. 2006), to include the factors identified by Judge Baker in his concurring opinion, the court affirms the sentence. We have also considered the matters personally raised by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982) and find them to be without merit.

FOR THE COURT:

FOR THE COURT:

JOANNE P. TETREAULT ELDRIDGE
Deputy Clerk of Court

3