# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
KERN, ALDYKIEWICZ, and MARTIN
Appellate Military Judges

**UNITED STATES, Appellee**
v.
**Private E1 CARL S. BEVERS**
**United States Army, Appellant**

ARMY 20100950

Headquarters, Seventh U.S. Army Joint Multination Training Command
Jeffery Nance, Military Judge
Lieutenant Colonel Francisco A. Vila, Staff Judge Advocate

For Appellant: Lieutenant Colonel Imogene M. Jamison, JA; Major Jacob D. Bashore, JA; Captain Kristin B. McGrory, JA (on brief).

For Appellee: Major Amber J. Williams, JA; Major Ellen S. Jennings, JA; Captain Stephen E. Latino, JA (on brief).

29 November 2012

-----------------------------------
SUMMARY DISPOSITION
-----------------------------------

Per Curiam:

A military judge, sitting as a special court-martial, convicted appellant contrary to his pleas of attempted wrongful appropriation, disrespect toward a superior commissioned officer, failure to obey a general regulation, resisting apprehension, larceny, five specifications of assault, two specifications of drunk and disorderly conduct, and three specifications of communicating a threat, in violation of Articles 80, 89, 92, 95, 121, 128, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 880, 889, 892, 895, 921, 928, 934 (2006) [hereinafter UCMJ], respectively. The convening authority approved the adjudged sentence to a bad-conduct discharge and four months' confinement.[1]

---

[1] At trial, the military judge ordered that appellant receive sixty-five days of confinement credit. However, the convening authority's action fails to reflect this

(continued . . .)

*Failure to Plead the Terminal Elements*

The specifications alleging appellant communicated a threat were charged as Article 134, UCMJ, offenses, but the specifications fail to allege the terminal elements. Pursuant to *United States v. Fosler*, 70 M.J. 225 (C.A.A.F. 2011), it was error to omit the terminal elements from these specifications. However, appellant did not object to the form of the specifications at trial, and "where defects in a specification are raised for the first time on appeal, dismissal of the affected charges or specifications will depend on whether there is plain error—which, in most cases will turn on the question of prejudice." *United States v. Humphries*, 71 M.J. 209, 213–14 (C.A.A.F. 2012) (citing *United States v. Cotton*, 535 U.S. 625, 631–32 (2002)). Therefore, appellant must demonstrate "the Government's error in failing to plead the terminal element of Article 134, UCMJ, resulted in material prejudice to [appellant's] substantial, constitutional right to notice." *Id.* at 215; UCMJ art. 59(a). To assess prejudice, "we look to the record to determine whether notice of the missing element is somewhere extant in the trial record, or whether the element is 'essentially uncontroverted.'" *Id.* at 215–16 (citing *Cotton*, 535 U.S. at 633; *Johnson v. United States*, 520 U.S. 461, 470 (1997)).

Under the totality of the circumstances, we conclude that omission of the terminal elements from the communicating-a-threat specifications materially prejudiced appellant's substantial right to notice. There is nothing in the record to satisfactorily establish notice of the need to defend against a terminal element, and the evidence was controverted as to at least one clause of Article 134, UCMJ. Accordingly, we are compelled to disapprove the findings of guilt as to these Article 134, UCMJ, offenses.[2] However, we are confident "that, absent any error, the sentence adjudged would have been of at least a certain severity." *United States v. Sales*, 22 M.J. 305, 308 (C.M.A. 1986). Furthermore, the penalty landscape has not changed. The case was limited by the referral to a special court-martial empowered to adjudge a bad-conduct discharge, and the threats made by appellant that formed

---

(. . . continued)

confinement credit. *See* Army Reg. 27-10, Legal Services: Military Justice, para. 5-32.*a*. (3 Oct. 2011) (requiring a convening authority to "show in [the] initial action all credits against a sentence to confinement . . . regardless of the source of the credit"); *United States v. Delvalle*, 55 M.J. 648, 649 n.1, 656 (Army Ct. Crim. App. 2001). Even if this amounts to legal error, appellant has not alleged that he suffered any prejudice as a result. Appellant will be credited with sixty-five days of confinement credit against the sentence to confinement.

[2] The government correctly plead the terminal elements in the two other Article 134, UCMJ, offenses, both of which state the offense of drunk and disorderly conduct.

the basis of the specifications at issue "would still have been correctly placed before the military judge as a matter in aggravation" under Rule for Courts-Martial [hereinafter R.C.M.] 1001(b)(4). *United States v. Craig*, 67 M.J. 742, 746 (N.M. Ct. Crim. App. 2009). Therefore, in light of the remaining charges, we are confident the court would have adjudged a sentence of at least a bad-conduct discharge and four months' confinement.

### *Failure to Respond to Post-Trial Allegations of Legal Error*

A staff judge advocate (SJA) is required to respond, in the post-trial recommendation to the convening authority (CA), to allegations of "legal error [ ] raised in matters submitted under R.C.M. 1105." R.C.M. 1106(d)(4). In this case, appellant's defense counsel raised the following issues pursuant to R.C.M. 1105: (1) the military judge erred by not granting an R.C.M. 917 motion to dismiss the Article 92 offense; (2) the military judge erred by not granting an R.C.M. 917 motion to dismiss the attempted larceny offense;[3] (3) the government "over-charged" the case; and (4) the trial counsel's sentencing argument should not have diminished appellant's deployed service. In his addendum to the post-trial recommendation, the SJA responded to the first issue but failed to respond to the remaining issues. The first two issues noted above are allegations of legal errors; therefore, the SJA erred, at a minimum, by failing to respond to the second issue raised by appellant. We will assume *arguendo* that the SJA also erred by failing to respond to the remaining issues.[4]

Ordinarily, "failure by the [SJA] to respond to an allegation of legal error . . . requires remand to the [CA] for comment by the [SJA]." *United States v. Hill*, 27 M.J. 293, 297 (C.M.A. 1988). However, we are "free to affirm when a defense allegation of legal error would not foreseeably have led to a favorable recommendation by the [SJA] or to corrective action by the [CA]." *Id.*; *United States v. Welker*, 44 M.J. 85, 89 (C.A.A.F. 1996). Based on the record before us, we find any legal errors raised by these allegations lack merit and would not have resulted in a favorable recommendation by the SJA or any corrective action by the CA.

---

[3] Appellant was convicted of the lesser included offense of attempted wrongful appropriation.

[4] If it is unclear whether an issue raised in an accused's post-trial submission alleges a "legal error," then a prudent course of action for SJAs is to respond as if the issue raises a legal error. "The response may consist of a statement of agreement or disagreement with the matter raised by the accused. An analysis or rationale for the [SJA]'s statement, if any, concerning legal error is not required." R.C.M. 1106(d)(4).

## CONCLUSION

On consideration of the entire record, and in light of *Humphries*, the findings of guilty of Specifications 3, 4 (as redesignated), and 5 (as redesignated) of Additional Charge V (as redesignated) are set aside and dismissed. The remaining findings are AFFIRMED. Reassessing the sentence on the basis of the error noted, the entire record, and in accordance with the principles of *United States v. Sales*, 22 M.J. 305 (C.M.A. 1986), and *United States v. Moffeit*, 63 M.J. 40 (C.A.A.F. 2006), to include the factors identified by Judge Baker in his concurring opinion in *Moffeit*, the approved sentence is AFFIRMED.

FOR THE COURT:

JOANNE P. TETREAULT ELDRIDGE
Deputy Clerk of Court