**UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS**

**UNITED STATES**

**v.**

**Airman First Class JASPER C. BROOKS III**
**United States Air Force**

**ACM 38245**

**13 March 2014**

Sentence adjudged 17 October 2012 by GCM convened at Al Dhafra Air Base, United Arab Emirates. Military Judge: Dawn R. Eflein (sitting alone).

Approved Sentence: Bad-conduct discharge, confinement for 8 months, forfeiture of all pay and allowances, and reduction to E-1.

Appellate Counsel for the Appellant: Lieutenant Colonel Jane E. Boomer.

Appellate Counsel for the United States: Colonel Don M. Christensen; Lieutenant Colonel C. Taylor Smith; Major Daniel J. Breen; Captain Matthew J. Neil; and Gerald R. Bruce, Esquire.

Before

HELGET, WEBER, and PELOQUIN
Appellate Military Judges

OPINION OF THE COURT

This opinion is subject to editorial correction before final release.

PELOQUIN, Judge:

Consistent with his pleas, the appellant was convicted by a military judge sitting as a general court-martial of one specification of failure to obey a lawful general order; two specifications of making a false official statement; two specifications of unlawful sexual contact; one specification of assault; and one specification of unlawful entry, in violation of Articles 92, 107, 120, 128, and 134, UCMJ, 10 U.S.C. §§ 892, 907, 920, 928, 934.[1]

---

[1] The appellant was also charged with burglary, in violation of Article 129, UCMJ, 10 U.S.C. § 929. This charge was withdrawn and dismissed after arraignment in accordance with the terms of a pretrial agreement.

The adjudged sentence consisted of a bad-conduct discharge, confinement for 10 months, forfeiture of all pay and allowances, and reduction to E-1. Pursuant to a pretrial agreement (PTA), the convening authority approved only 8 months of confinement and the rest of the sentence as adjudged. On appeal, the appellant asserts two errors: (1) He was denied the effective assistance of counsel; and (2) The two Article 120, UCMJ, specifications amounted to an unreasonable multiplication of charges.[2] Finding no error that materially prejudices the appellant, we affirm.

*Background*

The appellant was a Security Forces airman in a deployed location. A lawful General Order was in effect that prohibited individuals from visiting the quarters of an individual of the opposite gender except for official purposes or with commander approval. On 22 June 2012, Senior Airman (SrA) AB, a female, was alone in her dormitory room and asleep on her bed. The appellant, a male, entered her room without authorization and crawled onto her bed. She woke up when he touched her inner thigh with his hand. He then rubbed his penis on her thigh. SrA AB told the appellant to stop and to get out of her room, and he left. SrA AB text-messaged one of her roommates to inform her that she had just been woken up by someone on top of her on her bed.

SrA AB's chain of command was notified of the incident, and Master Sergeant (MSgt) OT interviewed the appellant. The appellant denied ever being in SrA AB's room or on her bed. Later, Staff Sergeant (SSgt) MT, a Security Forces investigator, interviewed the appellant. The appellant admitted to entering SrA AB's room on 22 June 2012, climbing onto her bed, touching her thigh, and attempting to kiss her lips and neck. He denied rubbing his penis on SrA AB but acknowledged that his penis would have been on SrA AB given the position he had taken lying on top of her.

On 12 August 2012, the appellant visited SrA LB, another Security Forces airman, at her guard post. While there, the appellant placed his hand on SrA LB's leg without her consent. She removed his hand from her leg. The appellant then placed his head in his hands and laid his hands and head in SrA LB's lap. Again, she removed the appellant from contact with her. Subsequently, SrA LB moved to a different guard post. The appellant visited SrA LB at this guard post and again touched her leg. She again removed his hand and told him, "No." The appellant then gestured to SrA LB, inviting her to sit on his lap. She declined. As she left the guard post to repair a piece of equipment, the appellant grabbed her hand as she walked past him. SrA LB pulled away and proceeded to her task.

At trial, the appellant pled guilty pursuant to a PTA and agreed to a Stipulation of Fact which laid out the facts and circumstances relevant to his criminal actions.

---

[2] The appellant raises this assignment of error pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982).

*Assistance of Counsel*

The appellant contends his trial defense counsel provided ineffective assistance of counsel by not abiding by the appellant's desires to submit matters in clemency for consideration by the convening authority.

We review de novo claims of ineffective assistance of counsel. *United States v. Bradley*, 71 M.J. 13, 16 (C.A.A.F. 2012) (citing *United States v. Gooch*, 69 M.J. 353, 362 (C.A.A.F. 2011)). Claims of ineffective assistance of counsel are reviewed by applying the two-pronged test set forth by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). *See United States v. Green*, 68 M.J. 360, 361-62 (C.A.A.F. 2010). In order to prevail on a claim of ineffective assistance of counsel, an appellant must demonstrate both (1) that his counsel's performance was deficient, and (2) that this deficiency resulted in prejudice. *Id.* (citing *Strickland*, 466 U.S. at 687). "[T]he defense bears the burden of establishing the truth of the factual allegations that would provide the basis for finding deficient performance." *United States v. Tippit*, 65 M.J. 69, 76 (C.A.A.F. 2007). The Sixth Amendment[3] right to effective assistance of counsel extends to assistance in the preparation and submission of post-trial matters. *United States v. Gilley*, 56 M.J. 113, 124 (C.A.A.F. 2001) (citing *United States v. Fluellen*, 40 M.J. 96, 98 (C.M.A. 1994)). Where there are opposing affidavits raising a factual dispute that is material to the resolution of the appellant's assignment of error, we can resolve the appellant's claim without a fact-finding hearing when the appellate filings and the record as a whole compellingly demonstrate the improbability of the facts alleged by the appellant. *United States v. Ginn*, 47 M.J. 236, 244-45, 248 (C.A.A.F. 1997).

There is no need for a fact-finding hearing in this case. The record of trial and the appellate filings do not support the factual premise raised by the appellant in his affidavit. In his affidavit, the appellant suggests trial defense counsel did not contact or consult with him prior to submitting matters in clemency and that as a result, the appellant was precluded from submitting his own letter and letters from supporters to the convening authority. The appellant's recollection is at odds with trial defense counsel's affidavit. Trial defense counsel recalls several discussions with the appellant regarding clemency, the probability of clemency in light of the PTA they had struck with the Government, and the appellant's clemency goal of avoiding a punitive discharge. Trial defense counsel recalls speaking with the appellant on 15 November 2012 while the appellant was in confinement and prior to trial defense counsel submitting his clemency memorandum on 2 December 2012. There was no discussion of submitting any matters in addition to trial defense counsel's memorandum. In early January 2013, after clemency matters were due, the appellant contacted trial defense counsel and discussed the appellant's revised clemency focus of early release from confinement. Finally, the appellant's current

---

[3] U.S. CONST. amend. VI.

recollection is at odds with his unsworn statement at trial, where he told the military judge, "I would request that – I will take anything – any kind of punishment as long as it wasn't a punitive discharge."

The record and the appellate submissions support the trial defense counsel's recollection of events and discussions, which provide the most plausible chain of events given the appellant's statement at trial, the generous terms of the PTA, and the trial defense counsel's records.

Turning to *Strickland*'s second prong, we further find that, even if trial defense counsel's actions were lacking, the appellant has failed to show he suffered any prejudice. The appellant failed to demonstrate what he would have presented to the convening authority and how such submissions may have altered the convening authority's decision. The appellant contends he would have presented a letter from himself and letters from supporters but has not provided any inkling as to what persuasive information those letters might contain. In the absence of such specific information, we cannot even speculate as to what impact these supposed memoranda could possibly make. The appellant has failed to demonstrate any basis for finding prejudice. *See United States v. Perez*, 64 M.J. 239, 244 (C.A.A.F. 2007).

*Unreasonable Multiplication of Charges for Findings*

Rule for Courts-Martial 307(c)(4) addresses unreasonable multiplication and provides, "What is substantially one transaction should not be made the basis for an unreasonable multiplication of charges against one person." A military judge's decision to deny relief for unreasonable multiplication of charges is reviewed for an abuse of discretion. *United States v. Pauling*, 60 M.J. 91, 95 (C.A.A.F. 2004). In *United States v. Quiroz*, 55 M.J. 334, 338 (C.A.A.F. 2001), our superior court endorsed five, non-exclusive factors appropriate for us to consider when reviewing unreasonable multiplication of charges claims: (1) whether the appellant objected at trial; (2) whether each charge and specification is aimed at distinctly separate criminal acts; (3) whether the number of charges and specifications misrepresent or exaggerate the accused's criminality; (4) whether the number of charges and specifications unreasonably increase the accused's punitive exposure; and (5) whether there is any evidence of prosecutorial overreaching or abuse in the drafting of the charges. These factors, though not exclusive, have subsequently been reaffirmed. *See, e.g.*, *United States v. Campbell*, 71 M.J. 19, 24 (C.A.A.F. 2012).

The appellant contends that the specifications against him for wrongful sexual contact and abusive sexual contact constitute an unreasonable multiplication of charges. In the absence of any objection at trial, we turn to *Quiroz*'s second factor and find that each of the specifications address distinctly separate criminal acts. The abusive sexual contact specification referenced a touching that occurred while the victim was asleep and

required, as an element, that the victim was substantially incapable of appraising the nature of the sexual contact. *See Manual for Courts-Martial (MCM), United States*, A28-8, ¶ 45.b.(8)(c)(iii) (2012 ed.). The wrongful sexual contact specification addressed the appellant's sexual contact with the victim while she was awake, without requiring, as an element, that the victim was substantially incapable of appraising the nature of the sexual contact. *See MCM*, A28-9, ¶ 45.b.(13). The physical acts addressed in these two specifications are individual, discrete actions, and the contexts within which each touching occurred provide significantly different bases for demonstrating lack of consent.

We then turn to the issue of waiver. The appellant did not object at trial to the wrongful sexual contact and abusive sexual contact specifications and pled guilty to each of them as drafted, in accordance with the terms of his PTA. In *United States v. Craig*, 68 M.J. 399, 400 (C.A.A.F. 2010), an appellant pled unconditionally to a charge and its specifications, agreeing to waive all waivable motions as part of a PTA. Our superior court determined such a plea waived multiplicity claims on appeal unless the charged offenses were facially duplicative. *Id.* (citing *United States v. Campbell*, 68 M.J. 217 (C.A.A.F. 2009)). Similarly in this case, the appellant pled unconditionally to the charges and specifications, agreeing in his PTA to "[w]aive all waivable motions." As the complained offenses are not facially duplicative, we conclude that the appellant's unconditional guilty plea, coupled with the terms of his PTA, waived his right to have this unreasonable multiplication of charges issue reviewed at the appellate court level. *See also United States v. Gladue*, 67 M.J. 311, 314 (C.A.A.F. 2009).

We find the complained of specifications do not constitute an unreasonable multiplication of charges; that the appellant waived his right to appeal this matter; and that the military judge, far from abusing her discretion, acted with commendable judicial expertise in her rulings.[4]

*Conclusion*

The approved findings and sentence are correct in law and fact and no error materially prejudicial to the substantial rights of the appellant occurred.[5] Articles 59(a)

---

[4] At trial, the military judge merged the abusive sexual contact and wrongful sexual contact specifications for purposes of sentencing, thereby reducing the appellant's punitive exposure.

[5] The Air Force Form 1359, Report of Result of Trial, inaccurately indicates the appellant pled guilty to, and was found guilty of, Charge IV. That said, the form's annotation regarding the specification of Charge IV is accurate in that it records the appellant's not guilty plea and it properly annotates that the specification was withdrawn and dismissed. Likewise, the court-martial order (CMO) accurately reflects the result of trial to include the dismissal of Charge IV. We find this post-trial processing error to be administrative in nature, and of no prejudice to the appellant. Nevertheless, we note the CMO does not identify recipients of unexpurgated versus expurgated copies of the CMO, as required by Air Force Instruction (AFI) 51-201, *Administration of Military Justice*, ¶ 10.7.1 (21 December 2007) ("To avoid confusion between the recipients . . . mark the addressees of those who are to receive the unexpurgated copies with asterisks . . . and add, below the distribution list, 'Recipients of unexpurgated CMO.'") *See also* AFI 51-201, ¶ 10.7.1 (6 June 2013). Accordingly, we order promulgation of a corrected CMO.

and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c). Accordingly, the approved findings and sentence are

AFFIRMED.

FOR THE COURT

STEVEN LUCAS
Clerk of the Court

ACM 38245