# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
COOK, TELLITOCCI, and HAIGHT
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Specialist JASMIN K. JENKINS**
**United States Army, Appellant**

ARMY 20130362

Headquarters, 2d Infantry Division
Wendy P. Daknis, Military Judge
Colonel Paula I. Schasberger, Staff Judge Advocate

For Appellant:  Major Amy E. Nieman, JA; Major Robert N. Michaels, JA (on brief).

For Appellee:  Lieutenant Colonel James L. Varley, JA (on brief).

19 August 2014

---------------------------------
SUMMARY DISPOSITION
---------------------------------

HAIGHT, Judge:

A military judge sitting as a special court-martial convicted appellant, pursuant to her pleas, of two specifications of failure to obey a general order by distributing a synthetic psychotropic substance, one specification of failure to obey a general order by possessing a synthetic psychoactive substance, making a false official statement, two specifications of distributing a Schedule I controlled substance, one specification of possessing a Schedule 1 controlled substance with the intent to distribute, and two specifications of distributing a synthetic psychoactive substance to junior enlisted soldiers with such conduct being prejudicial to the good order and discipline in the armed forces and of a nature to bring discredit upon the armed forces, in violation of Articles 92, 107, 112a, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 892, 907, 912a, 934 (2006) [hereinafter UCMJ].  The military judge sentenced appellant to a bad-conduct discharge, confinement for 12 months, forfeiture of $1,010.00 pay per month for 12 months, and reduction to the grade of E-1.  Pursuant to a pretrial agreement, the convening authority only approved a bad-conduct discharge, reduction to the grade

of E-1, forfeiture of $1,010.00 pay per month for 12 months, and confinement for 5 months.

Appellant's case is before this court for review pursuant to Article 66, UCMJ. Pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), appellant asserts she was subjected to an unreasonable multiplication of charges. We agree and will take corrective action.

Although the military judge and both parties agreed that each distribution in violation of Article 92 should be merged for sentencing purposes with its corresponding distribution charged under Article 112a, our analysis does not end there. "[A]ppellate consideration of multiplicity claims is effectively waived by unconditional guilty pleas, except where the record shows that the challenged offenses are 'facially duplicative.'"[*] *United States v. Lloyd*, 46 M.J. 19, 23 (C.A.A.F. 1997). *See also United States v. Craig*, 68 M.J. 399, 400 (C.A.A.F. 2010) (per curiam); *United States v. Campbell*, 68 M.J. 217, 219 (C.A.A.F. 2009). Facially duplicative means the factual components of the charged offenses are the same. *Lloyd*, 46 M.J. at 23 (citing *United States v. Broce*, 488 U.S. 563, 575 (1989)).

In this case, the record of trial, the providence inquiry, and the stipulation of fact all unequivocally reveal that the substance in question that was either being possessed or distributed in violation of Article 92, 112a, or 134 was, in fact, not only the same substance, but all of the various charges referred to the exact same conduct, that being one continuous possession and two instances of distribution. More simply put, the "synthetic psychotropic substance" and "synthetic psychoactive substance" referenced in the Article 92 specifications constituted the "AM-2201 (1-(5-fluoropentyl)-3-(1-naphthoyl) indole), a Schedule I controlled substance" referenced in the Article 112a specifications, as well as the same "synthetic psychoactive substance" distributed to junior enlisted soldiers in violation of Article 134. Furthermore, the appellant repeatedly clarified that the illegal drug in question, regardless of how it was charged, was the same substance, known to her as "Spice." Accordingly, in this case, the charges address the same conduct and reflect facially duplicative specifications.

---

[*] We interpret this to mean that an unconditional guilty plea, without an affirmative waiver, results in a forfeiture of multiplicity issues absent plain error. An appellant may show plain error and overcome forfeiture by proving the specifications are facially duplicative. *See United States v. Gladue*, 67 M.J. 311, 313 (C.A.A.F. 2009) (noting military courts consistently failed to distinguish between the terms "waiver" and "forfeiture").

Regardless of whether analyzed under principles of multiplicity (double jeopardy), preemption of Article 134 offenses by Articles 80-132, or unreasonable multiplication of charges, the particular charging scheme found here is troublesome. As appellant personally claims the error of unreasonable multiplication of charges, we provide relief applying the principles announced in *United States v. Quiroz*, 55 M.J. 334 (C.A.A.F. 2001). In particular, the second and third *Quiroz* factors are particularly compelling: the charges and specifications are aimed at the same criminal acts and unreasonably exaggerate appellant's criminality. 55 M.J. at 338.

## CONCLUSION

Upon consideration of the entire record, including the matters raised pursuant to *Grostefon*, the findings of guilty of Charge I and its specifications and Charge IV and its specifications are set aside. Charge I and its specifications and Charge IV and its specifications are dismissed. The remaining findings of guilty are AFFIRMED.

We are able to reassess the sentence on the basis of the error noted and do so after conducting a thorough analysis of the totality of circumstances presented by appellant's case and in accordance with the principles articulated by our superior court in *United States v. Winckelmann*, 73 M.J. 11, 15-16 (C.A.A.F. 2013) and *United States v. Sales*, 22 M.J. 305 (C.M.A. 1986).

In evaluating the *Winckelmann* factors, we first find no dramatic change in the penalty landscape in this special court-martial, and the military judge merged some of the offenses for sentencing purposes. Second, appellant was sentenced by a military judge. Third, the remaining offenses capture the gravamen of appellant's misconduct, and the fact that appellant distributed spice to junior enlisted soldiers remains admissible aggravation evidence. Fourth, based on our experience, we are familiar with the remaining offenses so that we may reliably determine what sentence would have been imposed at trial.

After reassessing the sentence and the entire record, we AFFIRM the approved sentence. We find this purges the error in accordance with *Sales* and *Winckelmann*, and is also appropriate under Article 66(c), UCMJ. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of the findings set aside by this decision are ordered restored.

Senior Judge COOK and Judge TELLITOCCI concur.



FOR THE COURT:

ANTHONY O. POTTINGER
Chief Deputy Clerk of Court