*This opinion is subject to revision before publication.*

# UNITED STATES COURT OF APPEALS
## FOR THE ARMED FORCES

———————————

## UNITED STATES
Appellee

**v.**

## Jaheemee J. WILLIAMS, Private First Class
United States Army, Appellant

**No. 24-0015**
Crim. App. No. 20230048

Argued May 7, 2024—Decided September 5, 2024

Military Judge: Trevor I. Barna

For Appellant: *Captain Kevin T. Todorow* (argued); *Colonel Philip M. Staten*, *Lieutenant Colonel Autumn R. Porter*, and *Major Robert W. Rodriguez* (on brief).

For Appellee: *Captain Vy T. Nguyen* (argued); *Colonel Christopher B. Burgess* and *Major Chase C. Cleveland* (on brief); *Major Kalin P. Schlueter.*

Judge HARDY delivered the opinion of the Court, in which Chief Judge OHLSON, Judge SPARKS, Judge MAGGS, and Judge JOHNSON joined.

———————————

Judge HARDY delivered the opinion of the Court.

A military judge sitting as a special court-martial convicted Appellant, consistent with his pleas, of one specification of domestic violence (violation of a protective order with intent to intimidate) in violation of Article 128b, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 928b (2018). During Appellant's providence inquiry, the military judge advised Appellant that his guilty plea *would not* trigger the Lautenberg Amendment—a federal statute restricting the Second Amendment rights of anyone convicted of misdemeanor crimes of domestic violence.[1] That same day, the military judge signed the Statement of Trial Results (STR), which indicated that Appellant's conviction *did* trigger the Lautenberg Amendment. In promulgating the Judgment of the Court (which incorporated the STR), the military judge corrected the Lautenberg Amendment annotation on the STR to state that Appellant's conviction *did not* trigger the Lautenberg Amendment. Appellant submitted his case to the United States Army Court of Criminal Appeals (ACCA) on the merits, without identifying any assignments of error. Although the ACCA summarily

---

[1] The Lautenberg Amendment provides that:

> (g) It shall be unlawful for any person—
>
> . . . .
>
> > (9) who has been convicted of a misdemeanor crime of domestic violence,
>
> to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

18 U.S.C. § 922(g)(9) (2018). A misdemeanor crime of domestic violence is a crime that "[1] is a misdemeanor under Federal, State, Tribal, or local law; and [2] has, as an element, the use or attempted use of physical force, or the threatened use of a deadly weapon, committed by a current or former spouse." 18 U.S.C. § 921(a)(33)(A)(i)-(ii) (2018).

affirmed the findings and sentence, it noted in a footnote that the military judge's original annotation on the STR was correct and vacated the military judge's amendment to the STR. As a result, the Judgment of the Court now indicates that Appellant's conviction *did* trigger the Lautenberg Amendment.

We granted review of two issues: one concerning our jurisdiction to review the ACCA's modification of the Judgment of the Court and another concerning whether Appellant's conviction triggered the Lautenberg Amendment. *United States v. Williams*, 84 M.J. 270, 270-71 (C.A.A.F. 2024) (order granting review). For the reasons set forth below, we hold that this Court has jurisdiction under Article 67(a)(3), UCMJ, 10 U.S.C. § 867(a)(3) (2018), to review the ACCA's modification of the STR. After review, we conclude that the ACCA's modification was an ultra vires act that exceeded the scope of its authority under Article 66, UCMJ, 10 U.S.C. § 866 (2018). Accordingly, we vacate the ACCA's modification of the STR without reaching the merits of the Lautenberg Amendment issue.

## I. Background

### A. Statement of Trial Results

Congress has mandated that military judges "of a general or special court-martial shall enter into the record of trial a document titled 'Statement of Trial Results.'" Article 60(a)(1), UCMJ, 10 U.S.C. § 860(a)(1) (2018). By statute, the STR must record three categories of information: (1) "each plea and findings;" (2) "the sentence, if any;" and (3) "such other information as the President may prescribe by regulation." Article 60(a)(1) (A)-(C), UCMJ.

The President has implemented Article 60, UCMJ, via Rule for Courts-Martial (R.C.M.) 1101(a). The rule requires that, "after final adjournment of a general or special court-martial, the military judge shall sign and include in the record of trial a Statement of Trial Results." R.C.M. 1101(a). According to the President, the STR must include: (1) the findings; (2) the sentence; (3) the forum; (4) any limitation on punishment due to a plea agreement;

(5) information regarding suspension of the sentence; and (6) other information. R.C.M. 1101(a)(1)-(6). With respect to the catchall "*other information*" category, the STR must include "[a]ny additional information directed by the military judge or required under regulations prescribed by the Secretary concerned." R.C.M. 1101(a)(6).

To comply with the requirements of R.C.M. 1101(a), each service generally uses a standard STR form. Although the details vary from service to service, the forms usually include administrative information about the court-martialed servicemember as well as sections covering the "Findings" and "Total Sentence Adjudged." As relevant to this case, the Army STR form includes a "Notifications" section, which asks the military judge to make certain legal determinations about the soldier's conviction.

The STR is the responsibility of the trial counsel. *See* R.C.M. 502(d)(4) Discussion (describing the trial counsel's post-trial duties). It is standard practice for the trial counsel, or another member of the base legal office, to input the required information into the form. Then, the military judge confirms the correctness of the information and signs the STR. Once the form is complete, trial counsel must promptly provide a copy of the signed STR to the individuals listed in R.C.M. 1101(d).

## B. Facts

Following multiple domestic violence incidents between Appellant and his wife, Appellant's commander issued a military protective order (MPO) against Appellant. The MPO required that Appellant refrain from contacting his wife and son. Appellant violated the MPO by texting and calling his wife and threatening to take their son.

Appellant agreed to plead guilty to one specification of domestic violence in violation of Article 128b, UCMJ. During the providence inquiry, the military judge addressed the possible consequences of Appellant's guilty plea, including the potential application of the Lautenberg Amendment and Department of Defense Instruction 6400.06, DoD

Coordinated Community Response to Domestic Abuse Involving DoD Military and Certain Affiliated Personnel (Dec. 15, 2021) [hereinafter DoDI 6400.06]—a Defense Department specific regulation that resembles the Lautenberg Amendment and prescribes policies to prevent and respond to domestic violence. The military judge advised Appellant that while the DoDI may apply, the Lautenberg Amendment would not. Ultimately, the military judge accepted Appellant's guilty plea and adjudged a bad-conduct discharge, as required by the plea agreement.

The following events then took place:

- The military judge signed the STR on the same day that Appellant pleaded guilty. Under the header "Notifications," Block 32 of the form asked if Appellant had "been convicted of a misdemeanor crime of domestic violence (18 U.S.C. § 922(g)(9))?" The STR annotation stated: "Yes."

- A few weeks later, the military judge promulgated the Judgment of the Court. The military judge incorporated the STR into the judgment by reference. Additionally, the military judge modified Block 32 of the STR to read "No," that is, Appellant's conviction *was not* a misdemeanor crime of domestic violence, and it did not trigger the Lautenberg Amendment.

- Appellant submitted his case to the ACCA without identifying any specific assignments of error.

- The ACCA summarily affirmed the findings and sentence. In a footnote, the ACCA concluded that the original annotation in Block 32 on the STR was correct; that is, Appellant's conviction *was* a misdemeanor crime of domestic violence that triggered the Lautenberg Amendment. The ACCA therefore vacated the military judge's modification to the STR.

Appellant petitioned this Court for review of the ACCA's decision, and we granted review of two issues:

> I. Whether the United States Court of Appeals for the Armed Forces has jurisdiction to review the modification to the judgment of the court made by the Army court in changing Block 32 (Has the accused been convicted of a misdemeanor crime of domestic violence (18 U.S.C. § 922(g)(9)?)) from "No" as entered by the military judge in the Judgment of the Court back to the original "Yes" in the Statement of Trial Results.
>
> II. Whether the Army court erred by asserting that Appellant has a qualifying conviction under 18 U.S.C. § 922(g)(9).

*Williams*, 84 M.J. at 270-71 (order granting review).

## II. Standards of Review

This Court has an independent obligation to satisfy itself of its own jurisdiction. *M.W. v. United States*, 83 M.J. 361, 363 (C.A.A.F. 2023). We review questions of jurisdiction de novo. *United States v. Kuemmerle*, 67 M.J. 141, 143 (C.A.A.F. 2009). We also review de novo whether a CCA acted outside the scope of its Article 66 authority. *United States v. Nerad*, 69 M.J. 139, 141-42 (C.A.A.F. 2010) (citing *United States v. Lopez de Victoria*, 66 M.J. 67, 73 (C.A.A.F. 2008)).

## III. Discussion

Before we can reach the Lautenberg Amendment issue, there are threshold questions that must be addressed. First, we must determine whether we have jurisdiction to review the ACCA's decision below. Then, if we have jurisdiction, we must determine whether the ACCA had the authority to take the challenged action.

### A. CAAF Jurisdiction

The first question presented asks whether this Court has jurisdiction to review the ACCA's action vacating the military judge's amendment to the STR. The answer to this question has two separate but related parts: first whether we have jurisdiction over Appellant's case, and second

whether we have the authority to act upon the ACCA's decision vacating the military judge's action.[2]

The answer to the first question is straightforward. This Court's primary source of jurisdiction is Article 67(a), UCMJ, which grants us jurisdiction to review three categories of cases. *M.W.*, 83 M.J. at 364. First, under Article 67(a)(1), UCMJ, we must review "all cases in which the sentence, as affirmed by a Court of Criminal Appeals, extends to death." Second, Article 67(a)(2), UCMJ, requires us to review "all cases reviewed by a Court of Criminal Appeals which the Judge Advocate General . . . orders sent to the Court of Appeals for the Armed Forces for review." And third, Article 67(a)(3), UCMJ, gives us jurisdiction over "all cases reviewed by a Court of Criminal Appeals in which, upon petition of the accused and on good cause shown, the Court of Appeals for the Armed Forces has granted a review." Notably, in all three categories of cases, because we can only review cases reviewed by the CCA below, our Article 67 jurisdiction is predicated on the CCA below also having jurisdiction. *United States v. Arness*, 74 M.J. 441, 443 (C.A.A.F. 2015).

As both parties agree, this case falls squarely within Article 67(a)(3), UCMJ. The ACCA had jurisdiction to review Appellant's case under Article 66(b)(3), UCMJ, because Appellant was sentenced to a bad-conduct discharge. The ACCA did, in fact, review Appellant's case. And this Court found good cause to grant Appellant's petition for review. Accordingly, we are satisfied that we have jurisdiction.

The second question is more difficult. The Government argues that this Court has authority to act under Article 67(c)(1)(A), UCMJ,[3] because—under the unique facts of

---

[2] Our authority to act in a given case where we have jurisdiction is sometimes referred to as our "scope of review." *See* C.A.A.F. R. 5 (as amended through Mar. 9, 2023) (addressing this Court's scope of review).

[3] Article 67(c)(1)(A), UCMJ, authorizes this Court to act upon "the findings and sentence set forth in the entry of judgment, as

this case—the military judge made the applicability of the Lautenberg Amendment an issue that affected the knowing nature of Appellant's plea. In the Government's view, the military judge's actions made Block 32 of the STR part of the findings affirmed by the ACCA, and thus within our authority to act. For the reasons explained more fully below, we disagree that Block 32 of the STR was part of the findings. And although the military judge advised Appellant during the providence inquiry that his guilty plea would not trigger the Lautenberg Amendment, Appellant has not challenged the providence of his guilty plea or raised any similar objection. Accordingly, we find no authority to act in Article 67(c)(1)(A), UCMJ.

Appellant argues that we have authority to correct or vacate the ACCA's action under Article 67(c)(1)(B), UCMJ, which states that this Court may act with respect to "a decision, judgment, or order by a military judge, as affirmed or set aside as incorrect in law by the Court of Criminal Appeals." We agree with Appellant that—at a minimum—we can vacate the ACCA's action under this provision. Per Article 60c(a)(1)(A), UCMJ, the STR is part of the trial court's "judgment." And by modifying the STR, the ACCA "set aside as incorrect in law" the judgment of the military judge. Therefore, under Article 67(c)(1)(B), UCMJ, this Court has authority to vacate the ACCA's modification of the STR if we conclude that the ACCA lacked the authority to engage in such action.

### B. The ACCA's Authority to Act

The ACCA, like the other service Courts of Criminal Appeals, is an Article I court. *United States v. Kelly*, 77 M.J. 404, 406 (C.A.A.F. 2018). As such, its authority stems entirely from statute. *United States v. Jacobsen*, 77 M.J. 81, 85 (C.A.A.F. 2017). In this case, Appellant argues that the ACCA erred when it modified Block 32 of the STR. But before we can review whether that modification was correct

---

affirmed or set aside as incorrect in law by the Court of Criminal Appeals."

as a matter of law, we must first determine whether the ACCA's action exceeded its statutorily prescribed authority under Article 66(d), UCMJ. Although the parties did not thoroughly brief this question, it was raised at oral argument. And it is well established that once our jurisdiction attaches, we may act "on any issue concerning a matter of law which materially affects the rights of the parties." C.A.A.F. R. 5 (Mar. 2023) (as amended through Mar. 9, 2023) (addressing this Court's scope of review). Determining the scope of the ACCA's statutory authority under Article 66, UCMJ, is a matter of law. *Nerad*, 69 M.J. at 141-42. And we assume without deciding that if the ACCA exceeded its authority by altering Block 32 of Appellant's STR when it had no authority to do so, Appellant's rights would be materially affected.

The parties initially argue that Article 66(d)(1)(A), UCMJ, gives the ACCA authority to modify Block 32 of Appellant's STR. Under Article 66(d)(1)(A), UCMJ, "the Court of Criminal Appeals . . . may act only with respect to the *findings* and *sentence* as entered into the record under section 860c of this title (article 60c)." (Emphasis added.)

"Findings" and "sentence" are terms of art defined by the President in the R.C.M. The findings include: "(A) a summary of each charge and specification; (B) the plea(s) of the accused; and (C) the finding or other disposition of each charge and specification." R.C.M. 1101(a)(1)(A)-(C). The sentence is the punishment adjudged by the court-martial when an accused is found guilty. R.C.M. 1003(a). Authorized punishments under the rule include reprimand, forfeiture of pay or allowances, fines, reduction in pay grade, restriction to specified limits, hard labor without confinement, confinement, punitive separation, and death. R.C.M. 1003(b)(1)-(9). The sentence also includes other information such as:

> (A) the confinement and fine for each specification, if any;
>
> (B) whether any term of confinement is to run consecutively or concurrently with any other term(s) of confinement; [and]

> (C) the total amount of any fine(s) and the to-
> tal amount of any confinement, after accounting
> for any credit and any terms of confinement that
> are to run consecutively or concurrently.

R.C.M. 1101(a)(2)(A)-(C). Importantly, this Court has recognized that an accused's sentence does not include collateral consequences of the accused's conviction, such as sex offender registration. *See United States v. Palacios Cueto*, 82 M.J. 323, 327 (C.A.A.F. 2022) (" '[s]ex offender registration requirement is a collateral consequence of the conviction alone, not the sentence' " (quoting *United States v. Talkington*, 73 M.J. 212, 213 (C.A.A.F. 2014) (alterations in original))).

Consistent with these definitions and our case law, we hold that Block 32 of the STR is not part of the findings or sentence and, therefore, the ACCA lacks the authority to act upon it. The question asked in Block 32 is not a finding because it is not a summary of the charges/specifications leveled against Appellant, a plea of Appellant, or the disposition of a charge. Nor is the question asked in Block 32 part of the substantive sentence that the Court could have adjudged, or the sentencing information covered by R.C.M. 1101(a)(2)(A)-(C). In our view, the Block 32 inquiry represents "*other information*"—outside of the findings and sentence—that the President has authorized to be included in the STR. *See* R.C.M. 1101(a)(6) (authorizing the inclusion in the STR of "[a]ny additional information directed by the military judge or required under regulations prescribed by the Secretary concerned"). While that information must be included in the entry of judgment, it is separate from the "findings" and "sentence" that the service courts may act upon under Article 66(d)(1), UCMJ.

The parties next argue that the ACCA could have acted under its Article 66(d)(2) error-correction authority. Under that provision, "a [CCA] may provide appropriate relief if the accused demonstrates error or excessive delay in the processing of the court-martial after the judgment was entered into the record under section 860c of this title (article

60c)." Article 66(d)(2), UCMJ. We disagree that Article 66(d)(2), UCMJ, applies here for several reasons.

First, Article 66(d)(2), UCMJ, only authorizes a CCA to provide relief when there has been an "error or excessive delay in the processing of the court-martial." Here, there was no error in processing. Although Block 32 of the STR did not originally reflect the guidance that the military judge provided Appellant during the providence inquiry, the military judge modified the STR in promulgating the Judgment of the Court and corrected Block 32 to accurately reflect his guidance to Appellant. Second, even if there was an error, Article 66(d)(2), UCMJ, places the burden on the accused to raise the issue before the CCA. But in this case, after the military judge corrected the STR in the Judgment of the Court, Appellant believed that there was no error to be corrected. So, of course, Appellant did not raise the issue to the CCA and consequently did not trigger the CCA's correction authority under Article 66(d)(2), UCMJ. Finally, even assuming that there was an error and that Appellant properly raised the issue, Article 66(d)(2), UCMJ, only applies to errors taking place "after the judgment was entered into the record." In this case, any error took place prior to the entry of judgment.

In our view, neither Article 66(d)(1)(A), UCMJ, nor Article 66(d)(2), UCMJ, granted the ACCA authority to modify the Lautenberg Amendment annotation in Block 32 of the STR. The ACCA's modification was an ultra vires act that exceeded its statutorily defined authority to act with respect to the findings and sentence. Accordingly, we vacate the modification made by the ACCA and decline to answer the granted question concerning the applicability of the Lautenberg Amendment because that question is now moot.

### IV. Judgment

The decision of the United States Army Court of Criminal Appeals is affirmed as to the findings and sentence but vacated with respect to the modification to Block 32 of the Statement of Trial Results.