*This opinion is subject to revision before publication.*

# UNITED STATES COURT OF APPEALS
## FOR THE ARMED FORCES

————————

**UNITED STATES**
Appellee

**v.**

**Devin W. JOHNSON, Specialist 3**
United States Space Force, Appellant

**No. 24-0004**
Crim. App. No. 40257

Argued January 29, 2025—Decided June 24, 2025

Military Judge: Charles G. Warren

For Appellant: *Captain Samantha M. Castanien*, USAF (argued); Lieutenant Colonel Allen S. Abrams, USAF, and Major Spencer R. Nelson, USAF.

For Appellee: *Captain Tyler L. Washburn*, USAF (argued); *Colonel Matthew D. Talcott*, USAF, *Lieutenant Colonel Jenny A. Liabenow*, USAF, and *Mary Ellen Payne,* Esq. (on brief); Colonel Steven R. Kaufman, USAF, Lieutenant Colonel James P. Ferrell, USAF, and Captain Kate E. Lee, USAF.

Judge HARDY delivered the opinion of the Court, in which Chief Judge OHLSON, Judge SPARKS, and Judge MAGGS joined. Judge JOHNSON filed a separate opinion concurring in part and in the judgment.

————————

Judge HARDY delivered the opinion of the Court.

A general court-martial convicted Appellant of one specification of abusive sexual contact in violation of Article 120, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 920 (2018). On the indorsement of this case's entry of judgment, the staff judge advocate (SJA) indicated "Firearm Prohibition Triggered Under 18 U.S.C. § 922: Yes" [hereinafter the "§ 922 indication"]. Appellant petitioned for this Court to review whether this indication should be modified on constitutional grounds, though he now argues that this Court should remand the case to the United States Air Force Court of Criminal Appeals (AFCCA) for that tribunal to act upon the § 922 indication first.

For the reasons set forth below, we hold that this Court lacks authority to act upon a § 922 indication because no Court of Criminal Appeals has the authority to act upon that indication in the first instance. We also hold that remanding for the AFCCA to address the indication would be futile in this or any other case, because the very reason that this Court lacks authority to act upon the indication is that the AFCCA itself also lacks authority to act upon it.

## I. Background

The Gun Control Act of 1968 prohibits specific categories of people, such as felons and fugitives from justice, from receiving or possessing firearms. Pub. L. No. 90-618, 82 Stat. 1213 (relevant subsections codified as amended at 18 U.S.C. § 922(a)-(g) (2018 & Supp. IV 2019-2023). In 1996, Congress amended the Act to impose the same restrictions on any person "who has been convicted in any court of a misdemeanor crime of domestic violence." *See id.* at § 922(g)(9) (commonly known as the Lautenberg Amendment). Because the federal government maintains a database of people whose Second Amendment rights have been restricted under the Gun Control Act, the military reports the names of servicemembers who are convicted by a court-martial (of crimes that would subject them to 18 U.S.C. § 922) to the National Instant Criminal Background Check System. The military identifies and tracks these

servicemembers through two documents: the Statement of Trial Results (STR) and the Entry of Judgment (EOJ).

### A. Statement of Trial Results and Entry of Judgment

At the conclusion of a general or special court-martial, Congress has mandated that military judges "enter into the record of trial a document entitled 'Statement of Trial Results.'" Article 60(a)(1), UCMJ, 10 U.S.C. § 860(a)(1) (2018). The STR must record three categories of information: (1) "each plea and finding;" (2) "the sentence, if any;" and (3) "such other information as the President may prescribe by regulation." Article 60(a)(1)(A)-(C), UCMJ.

The President, in turn, has directed that the STR shall include various information including "[a]ny additional information directed by the military judge or required under regulations prescribed by the Secretary concerned." Rule for Courts-Martial (R.C.M.) 1101(a)(6) (2019 ed.). In the Department of the Air Force, the Secretary has directed that the STR include an "indorsement" in which the SJA lays out what criminal indexing will be required in accordance with various statutory and regulatory authorities. Dep't of the Air Force, Instr. 51-201, Administration of Military Justice para. 13.3.3 (Jan. 18, 2019) [hereinafter AFI 51-201 (2019)].[1] The STR in this case included the following two indications: (1) "Firearm Prohibition Triggered Under 18 U.S.C. § 922: Yes"; and (2) "Domestic Violence Conviction Under 18 U.S.C. § 922(g)(9): No." In *United States v. Williams*, 85 M.J. 121, 126 (C.A.A.F. 2024), this Court held that these indications are not part of the findings or sentence upon which the service courts have authority to act under Article 66(d)(1)(A), UCMJ, 10 U.S.C. § 866(d)(1)(A).

---

[1] The 2019 Department of the Air Force Instruction (AFI) applies to this case. The Air Force revised the AFI in 2024, but the current version contains language to the same effect. *See* Dep't of the Air Force, Instr. 51-201, Administration of Military Justice para. 20.6 (Jan. 24, 2024) [hereinafter AFI 51-201 (2024)].

After a court-martial, the UCMJ authorizes a series of actions—including post-trial motions from the parties and convening authority review—that might alter the findings, sentence, and other information reported in the STR. Articles 60(b), 60a, 60b, UCMJ, 10 U.S.C. §§ 860(b), 860a, 860b. After these actions have concluded, Congress has further mandated that "[i]n accordance with rules prescribed by the President, in a general or special court-martial, the military judge shall enter into the record of trial the judgment of the court." Article 60c(a)(1), UCMJ, 10 U.S.C. § 860c(a)(1) (2018). The EOJ must include the original STR and "[a]ny modifications of, or supplements to, the Statement of Trial Results by reason of—(i) any post-trial action by the convening authority; or (ii) any ruling, order, or other determination of the military judge that affects a plea, a finding, or the sentence." Article 60c(a)(1)(B), UCMJ.

Exercising his authority under Article 60c(a)(1), UCMJ, the President has directed that the EOJ must also include "[a]ny additional information that the Secretary concerned may require by regulation." R.C.M. 1111(b)(3)(F). Pursuant to this direction from the President, the Secretary of the Air Force (SECAF) promulgated regulations governing the preparation and distribution of the EOJ in the Department of the Air Force. *See* AFI 51-201, para. 13.3.3, § 13H (2019) (citing R.C.M. 1111 and Article 60c, UCMJ). As noted by the SECAF, the EOJ "reflects the results of the court-martial after all post-trial actions, rulings or orders," and "terminates trial proceedings and initiates appellate proceedings." *Id.* paras. 13.37 & 13.37.1.

Because post-trial actions by a military judge or a convening authority may alter the criminal indexing that is required, the SECAF requires the SJA to include as part of the EOJ a "First Indorsement." *Id.* para. 13.38.3. The indorsement indicates whether "DNA processing is required; the accused has been convicted of a crime of domestic violence under 18 U.S.C. 922(g)(9); criminal history record indexing is required under DoDI 5505.11; firearm prohibitions are triggered; and/or sex offender notification is

required." *Id.*[2] Consistent with these regulations, the EOJ
in this case included the following indication: (1) "Firearm
Prohibition Triggered Under 18 U.S.C. § 922: Yes." That
indication is the primary subject of this appeal.

## B. Facts

A panel of officer members sitting as a general court-
martial convicted Appellant, contrary to his pleas, of one
specification of abusive sexual contact in violation of Arti-
cle 120, UCMJ. The panel also acquitted Appellant of one
specification of abusive sexual contact and one specifica-
tion of sexual assault, both in violation of Article 120,
UCMJ. On October 30, 2021, the panel sentenced Appel-
lant to six months of confinement, a bad-conduct discharge,
a reprimand, and reduction to E-1. The following events
then took place:

- The same day—October 30, 2021—the military
  judge signed the STR, and the SJA signed the in-
  dorsement to the STR. That indorsement included
  the § 922 indication.

- About six weeks later, on December 10, 2021, the
  convening authority specified what language would
  be contained in Appellant's reprimand, without tak-
  ing any action on the findings or sentence.

- On January 20, 2022, the military judge ordered the
  reprimand language to be corrected, replacing the
  words "sexual assault" with "abusive sexual contact"
  to reflect the specification for which Appellant had
  been convicted.

- After the military judge adjusted the reprimand lan-
  guage, that same day he signed the EOJ in Appel-
  lant's case. The next day, the SJA signed the in-
  dorsement to the EOJ, again including the § 922
  indication.

---

[2] For the current version of the same provision, see AFI
51-201 (2024).

- Appellant submitted his case to the AFCCA, raising seven issues before that court. *United States v. Johnson*, No. ACM 40257, 2023 CCA LEXIS 330, at \*2, 2023 WL 5112140 at \*1 (A.F. Ct. Crim. App. Aug. 9, 2023).

- The AFCCA affirmed the findings and sentence. *Id.* at \*45, 2023 WL 5112140 at \*16.

When Appellant petitioned this Court for review of his case, he challenged the § 922 indication on constitutional grounds. Based on Appellant's petition, and in light of this Court's decision in *Williams*, we granted review of the following three issues:

> I. Whether the United States Court of Appeals for the Armed Forces has jurisdiction and authority to direct the modification of the 18 U.S.C. § 922 prohibition noted on the Staff Judge Advocate's indorsement to the entry of judgment.
>
> II. Whether review by the United States Court of Appeals for the Armed Forces of the 18 U.S.C. § 922 prohibition noted on the Staff Judge Advocate's indorsement to the entry of judgment would satisfy the Court's prudential case or controversy doctrines. *See B.M. v. United States*, 84 M.J. 314, 317 (C.A.A.F. 2024) (detailing this Court's prudential case and controversy doctrines).
>
> III. As applied to Appellant, whether 18 U.S.C. § 922 is constitutional in light of recent precedent from the Supreme Court of the United States.

*United States v. Johnson*, 85 M.J. 147 (C.A.A.F. 2024) (order granting review).

As we explain in our discussion of Issue I, this Court lacks authority to act upon the § 922 indication. As a result, Issues II and III are moot.

## II. Standards of Review

This Court has an independent obligation to determine that it has jurisdiction in a given case. *Williams*, 85 M.J. at 124 (citing *M.W. v. United States*, 83 M.J. 361, 363 (C.A.A.F. 2023)). We review questions of jurisdiction de

novo. *Id.* (citing *United States v. Kuemmerle*, 67 M.J. 141, 143 (C.A.A.F. 2009)). We also review de novo the authority of a Court of Criminal Appeals under Article 66, UCMJ, 10 U.S.C. § 866. *Id.* (citing *United States v. Nerad*, 69 M.J. 138, 141-42 (C.A.A.F. 2010)).

### III. Discussion

### A. CAAF Jurisdiction and Authority to Act

The first question presented asks whether this Court has jurisdiction and authority to direct the modification of the § 922 indication. These are two distinct but related questions: first, whether we have jurisdiction over Appellant's case, and second, whether we have the authority to act upon the § 922 indication.

Both parties agree that this Court has jurisdiction over this case under Article 67(a)(3), UCMJ, 10 U.S.C. § 867(a)(3) (2018), which authorizes the Court to review "all cases reviewed by a Court of Criminal Appeals in which, upon petition of the accused and on good cause shown, the Court of Appeals for the Armed Forces has granted a review." The AFCCA had jurisdiction to review Appellant's case under Article 66(b)(3), UCMJ, because Appellant was sentenced to a bad-conduct discharge.[3] The AFCCA did, in fact, review Appellant's case, and this Court found good cause to grant Appellant's petition for review. Accordingly, we are satisfied that we have jurisdiction.

The second question is more difficult. The extent of this Court's authority to act in any case is laid out in Article 67(c)(1), UCMJ. Turning first to subsection (A) of that provision, this Court has authority to act upon "the

---

[3] In the James M. Inhofe National Defense Authorization Act for Fiscal Year 2023, Pub. L. 117-263, § 544(b)(1), 136 Stat 2395, 2582 (2022), Congress granted the Courts of Criminal Appeals jurisdiction to review all special and general courts-martial where there has been a guilty finding. 10 U.S.C. § 866(b)(1)(A) (Supp. V 2019-2024) ("A Court of Criminal Appeals shall have jurisdiction over . . . a timely appeal from the judgment of a court-martial, entered into the record under section 860c(a) of this title (article 60c(a)), that includes a finding of guilty . . . .").

findings and sentence set forth in the entry of judgment, as affirmed or set aside as incorrect in law by the Court of Criminal Appeals." Article 67(c)(1)(A), UCMJ. As we held in *Williams*, the indication that an accused, by virtue of being found guilty of an offense, is prohibited under 18 U.S.C. § 922 from carrying a firearm is not part of the findings or sentence, so Article 67(c)(1)(A), UCMJ, does not provide this Court with authority to act upon the § 922 indication. 85 M.J. at 125.[4]

Subsection (B), however, requires additional discussion. That provision provides this Court with authority to act upon "a decision, judgment, or order by a military judge, *as affirmed or set aside as incorrect in law by the Court of Criminal Appeals*." Article 67(c)(1)(B), UCMJ (emphasis added). Assuming, as we did in *Williams*, that the EOJ qualifies as a "judgment" by a military judge under subsection (B), our authority to act upon the § 922 indication would still be predicated upon the AFCCA having either affirmed or set aside the § 922 indication in the first instance.

But under Article 66(d)(1), UCMJ, "the Court of Criminal Appeals . . . may act only with respect to the *findings* and *sentence* as entered into the record under [Article 60c, UCMJ]" (emphasis added). Because, as explained above, the § 922 indication is neither a finding nor a sentence, even if it is part of the judgment, it is not a part of the judgment capable of being "affirmed or set aside as incorrect in law by the Court of Criminal Appeals" as Article 67(c)(1)(B), UCMJ, requires for this Court to have authority to act upon it. Accordingly, subsection (B) also

---

[4] For the same reason, although Article 67(c)(1)(C), UCMJ, 10 U.S.C. § 867(c)(1)(C) (Supp. II 2019-2021), does not apply to this case, it too would not provide the Court with authority to act, because although the § 922 indication is "set forth in the entry of judgment," it is not a "finding." The current Article 67(c)(1)(C), UCMJ, authorizes this Court to act upon "the findings set forth in the entry of judgment, as affirmed, dismissed, set aside, or modified by the Court of Criminal Appeals as incorrect in fact under [Article 66(d)(1)(B), UCMJ]."

does not grant this Court authority to act upon the § 922 indication.

## B. Futility of Remand

Appellant also argues that this Court should give the AFCCA the opportunity to act upon the § 922 indication under its Article 66(d)(2) error-correction authority by sending this case back to the AFCCA for further review. We decline Appellant's invitation to remand this case because we do not agree that Article 66(d)(2), UCMJ, grants the AFCCA the authority to act as Appellant suggests.

Article 66(d)(2), UCMJ, states:

> (2) ERROR OR EXCESSIVE DELAY.—In any case before the Court of Criminal Appeals under subsection (b), the Court may provide appropriate relief if the accused demonstrates error or excessive delay in the processing of the court-martial after the judgment was entered into the record under section 860c of this title (article 60c).

Appellant argues that because the SJA indorsed the EOJ on January 21, 2022, *after* the military judge signed the EOJ on January 20, 2022, any error in the SJA's indorsement occurred after the EOJ was entered into the record and is therefore correctable by the CCA under Article 66(d)(2). We disagree.

Article 66(d)(2) authorizes the service courts to correct errors that occur "after the judgment was entered into the record under [Article 60c, UCMJ, 10 U.S.C. § 860c(a)]." Article 60c, UCMJ, requires the military judge to enter the "judgment of the court" into the record of trial, and further requires that the "judgment of the court" be provided to the accused and any victim of the offense and made available to the public.

Article 60c(a), UCMJ, authorizes the President to prescribe rules for the preparation and distribution of the judgment of a court-martial. Acting under that authority, the President has directed that the EOJ "*shall consist of*"— among other things—"[a]ny additional information that the Secretary concerned may require by regulation."

R.C.M. 1111(b)(3)(F) (emphasis added). The relevant Department of the Air Force regulations in this case were expressly promulgated pursuant to R.C.M. 1111. AFI 51-201, § 13H (2019) (citing R.C.M. 1111). Those regulations, which instruct the SJA to indorse the EOJ after it has been signed by the military judge, are how the SECAF includes "additional information" as part of the EOJ. Accordingly, any information in the indorsement is part of the EOJ and cannot be an "error . . . in the processing of the court-martial *after the judgment was entered into the record*" under Article 66(d)(2), UCMJ.

Appellant argues that if this Court lacks the authority to act on the indorsement under Article 67(c)(1)(B), UCMJ, then the SJA's indorsement must not be part of the EOJ. We reject this argument because it is inconsistent with our reading of Article 60c(a), UCMJ, and R.C.M. 1111, as stated above. But furthermore, if Appellant's assertion were true, then it is not clear what authority—if any— would authorize the SJA to supplement the record of trial with an additional document *after* the entry of the EOJ into the record. The Department of the Air Force regulations cannot grant the SJA more authority than the President has delegated to the SECAF in R.C.M. 1111. Moreover, Appellant's interpretation of those regulations would contradict the SECAF's statement that the EOJ "terminates trial proceedings and initiates appellate proceedings." AFI 51-201 (2019) para. 13.37.1.

Appellant's argument is also rebutted by the fact that the document that was distributed to the accused (and numerous other individuals and offices) in accordance with Article 60c, UCMJ, was the final, completed version of the EOJ that included the SJA indorsement and the § 922 indication.[5] In our view, it is this version of the EOJ—rather than the January 20, 2022, version that included the military judge's signature but excluded the SJA's indorsement

---

[5] Although we reference specific documents in our discussion, no part of this opinion should be construed as limiting the Court's holding to the specific facts of this case.

(and appears nowhere in the record as it exists today)—to which Article 66(d)(2), UCMJ, refers as the document "entered into the record under section 860c of this title (article 60c)."**6** We cannot accept the contrary argument that the military judge fulfilled his duty to *enter the judgment of the court into the record of trial* by merely *signing the EOJ,* because we see no basis in the text of Article 60(c)(a), UCMJ, for equating these two acts or concluding that they necessarily occurred at the same time. In sum, because the final January 21, 2022, version of the EOJ included the allegedly erroneous § 922 indication, the alleged error did not occur after the EOJ was entered into the record and was not correctable by the AFCCA under Article 66(d)(2), UCMJ.

Article 67(c), UCMJ, does not give this Court authority to modify the § 922 indication in the EOJ, and Article 66(d)(2), UCMJ, does not give the AFCCA authority to modify the § 922 indication either. Given that this Court lacks any authority to act upon the § 922 indication, we decline to answer granted questions II and III because they are moot.**7**

### IV. Judgment

The decision of the United States Air Force Court of Criminal Appeals is affirmed.

---

**6** Although not necessary to our legal conclusion, it is also worth noting that the SJA's indorsement appears on "Page 3 of 4" of the document in the record of trial titled "ENTRY OF JUDGMENT IN THE CASE OF *United States v. Spc3 Devin W. Johnson*"). The indorsement itself is titled "*Johnson* 1st Ind., Entry of Judgment, Spc3 Devin W. Johnson, dated 21 January 2022," and the header on that page states: "ENTRY OF JUDGMENT IN THE CASE OF *United States v. Spc3 Devin W.*"

**7** Additionally, because we lack authority to act on the § 922 indication, Appellant's motion to supplement the record is denied as moot.

Judge JOHNSON, concurring in part and in the judgment.

I join Part III.A. of the Court's opinion in concluding this Court lacks the authority to act on the staff judge advocate's indication that Appellant was prohibited from possessing firearms under 18 U.S.C. § 922 (2018 & Supp. IV 2019-2023) on the indorsement to the entry of judgment (EOJ). As the Court stated, because the § 922 indication is not a finding or a sentence—in other words, it is a collateral consequence of a conviction—neither the United States Air Force Court of Criminal Appeals nor this Court has authority to act upon it. Accordingly, I concur in part and in the judgment. I write separately to express my concern that under the Court's rationale, it is unclear when the military judge "enter[s] into the record of trial the judgment of the court" as required by Article 60c(a)(1), Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 860c(a)(1) (2018). In my view, there is a basis in the text of Article 60c and the Rules for Courts-Martial (R.C.M.) to equate the military judge's signature with entering the judgment of the court into the record.

R.C.M. 1111(e)(2) (2019 ed.) dictates that where there is a finding of guilty, the judgment "shall be entered as soon as practicable after the staff judge advocate or legal advisor notifies the military judge of the convening authority's post-trial action or decision" in accordance with Article 60c(a)(1)(B)(i), UCMJ. The military judge makes any final "ruling, order or other determination" under Article 60c(a)(1)(B)(ii). Then, R.C.M. 1111(b) requires that the judgment of the court be "signed and dated by the military judge." This is important because Article 60c(a)(1), UCMJ, requires that "the *military judge* shall enter into the record of trial the judgment of the court." (Emphasis added.) Therefore, the judgment is entered into the record when the military judge signs it.[1]

---

[1] The civilian analogue to Article 60c, UCMJ, supports the conclusion that it is the military judge's *signature* that enters the EOJ into the record. Article 60c was modeled on Federal Rule of Criminal Procedure (Fed. R. Crim. P.) 32(k)(1), which provides that "[t]he judge must sign the judgment, and the clerk

The determination of when the EOJ is entered into the record is not just an academic exercise. Congress established the EOJ's entry into the record of trial as a date-certain event implicating multiple provisions across the UCMJ and the R.C.M. Importantly, the Court's decision that judgment is entered, not when the military judge signs the EOJ but when the SJA endorses it, could potentially set the Air Force and Space Force apart from the other services for every provision of the UCMJ and the R.C.M. that turns on the timing of the EOJ,[2] fracturing the very uniformity the Uniform Code of Military Justice sought to create.[3]

---

must enter it." *Compare* Article 60c, UCMJ, and R.C.M. 1111(b), *with* Fed. R. Crim. P. 32(k)(1); *see also United States v. Wadaa*, 84 M.J. 652, 654 (N-M. Ct. Crim. App. 2024). This Court has often turned to "federal civilian counterpart[s]" in interpreting provisions of the UCMJ. *See, e.g.*, *United States v. Badders*, 82 M.J. 299, 304 (C.A.A.F. 2022).

In courts-martial, there is no clerk of court to enter a signed judgment into a docket, so the final action before the judgment is entered into the record is the military judge's signature. This accords with how the Air Force regulation states that the indorsement "attaches to the Entry of Judgment" rather than stating it is part of the EOJ. Dep't of the Air Force, Instr. 51-201, Administration of Military Justice para.13.38.3 (Jan. 18, 2019). It not only reflects the record in this case, where the EOJ states: "[a]s corrected by the Court, the result of the court-martial is hereby entered into the record on 20 January 2022." It also reflects contemporary Department of the Air Force practice. *See* AFI 51-201 para. 20.41 (Jan. 24, 2024), Feb 2024 EOJ Template (stating directly above the military judge's signature: "This judgment reflects the result of the court-martial, as modified by any post-trial actions, rulings, or orders, if any, and is hereby entered into the record on (date)"). In addition, it also reflects the records of the Air Force cases on this Court's docket this term, which identify the EOJ as being entered into the record on the date of the military judge's signature. *See, e.g.*, *United States v. Arroyo*, 85 M.J. 188 (C.A.A.F. 2024) (order granting review).

[2] Only the Air Force requires an indorsement after the military judge's signature.

[3] A nonexhaustive list of statutory provisions affected includes: timeliness of Government appeals (Article 56(d)(2), UCMJ, 10 U.S.C. § 856(d)(2) (2018)), timeliness of petitions for

Because I do not find support for this interpretation in the statute, rules, or regulations, I concur in the judgment but decline to join the rationale for Part III.B. of the Court's opinion.

---

a new trial (Article 73, UCMJ, 10 U.S.C. § 873 (2018)), the timeliness of post-trial motions (Article 60(b)(2), UCMJ, 10 U.S.C. § 860(b)(2) (2018)), the timeliness of convening authority action on certain sentences (Article 60a(a)(3), UCMJ, 10 U.S.C. § 860a(a)(3) (2018)), the timeliness of cooperation with law enforcement (Article 60a(d)), the timing of appellate leave (Article 76a, UCMJ, 10 U.S.C. § 870a (2018)), the effective date of "other sentences" (Article 57(a)(6), UCMJ, 10 U.S.C. § 857(a)(6) (2018)), the deferral of sentences (Article 57(b)(1)), etc. A variety of *Manual for Courts-Martial* provisions are implicated as well.